**UNITED STATES**

v.

**Nicholas TYSON, 550 04 3294, Disbursing Clerk Seaman Apprentice (E–2) U. S. Navy.**

**NCM 76 0130.**

U. S. Navy Court of Military Review.

Sentence Adjudged 10 March 1975.

Decided 27 Aug. 1976.

CAPT Eugene A. Ritti, USMCR, Appellate Defense Counsel.

LT Homer S. Pointer, JAGC, USNR, Appellate Government Counsel.

Before EVANS, MALLERY and GREGORY, JJ.

MALLERY, Judge:

Appellant was convicted, consonant with his pleas, at a special court-martial bench trial, of receipt of stolen property and of violation of a lawful general regulation, U. S. Navy Regulations, Article 1139, by failing to report a theft of Government funds. He was sentenced to a bad conduct discharge, confinement at hard labor for three months, forfeiture of $225.00 pay per month for three months, and reduction to pay grade E-1. Pursuant to a pre-trial agreement, the convening authority approved only the bad conduct discharge and confinement at hard labor for 60 days but suspended the discharge. The supervisory authority approved the sentence as approved, mitigated, and partially suspended below.

Appellant assigns the following errors:

I. APPELLANT'S PLEAS WERE IMPROVIDENT SINCE THEY WERE ENTERED IN ACCORDANCE WITH A PRETRIAL AGREEMENT WHICH WAS VOID FOR BEING CONTRARY TO PUBLIC POLICY.

II. THE GENERAL REGULATION WHICH APPELLANT ALLEGEDLY VIOLATED IS UNCONSTITUTIONALLY VAGUE.

III. THE GOVERNMENT VIOLATED APPELLANT'S CONSTITUTIONAL AND STATUTORY RIGHTS AGAINST SELF-INCRIMINATION BY COMPELLING HIM TO EITHER INCRIMINATE HIMSELF OR VIOLATE A U. S. NAVY REGULATION.

I

■ Appellant argues that the following sentence, which he inserted in the pretrial agreement he offered the convening authority, renders the pretrial agreement void as being contrary to public policy:

"Accused will cooperate in future cases brought by the government."

He further argues that, since the pretrial agreement was void, his pleas of guilty were improvident. We disagree.

In the case of *United States v. Evans*, 49 C.M.R. 86 (N.C.M.R.1974), Judge Chadwick clearly and succinctly expressed the law on this subject in the following language:

The validity of a contingency provision in a pretrial agreement depends upon the nature of the contingency. Contingent provisions are contrary to public policy and void if they require an accused to waive fundamental rights, [*United States v. Troglin*, 21 U.S.C.M.A. 183, 44 C.M.R. 237 (1972): *United States v. Cummings*, 17 U.S.C.M.A. 376, 38 C.M.R. 174 (1968)] or if they may induce him to commit perjury [United States v. Conway, 20 U.S.C.M.A. 99, 42 C.M.R. 291 (1970); *United States v. Scoles*, 14 U.S.C.M.A. 14, 33 C.M.R. 226 (1963)]. However, contingent provisions in pretrial agreements are not improper if they do not require the waiver of fundamental rights and are not contrary to public policy. *United States v. Lallande*, 22 U.S.C.M.A. 170, 46 C.M.R. 170(1973).

The quoted language in the pretrial agreement clearly did not require appellant to waive any fundamental rights. Further, it is inconceivable to us that it would under any circumstances be likely to induce appellant to commit perjury. We hold that the language objected to is not contrary to public policy. The assignment of error is without merit.

II

■ Article 1139, U. S. Navy Regulations, 1973, which appellant objects to as

being unconstitutionally vague, reads as follows:

"All persons in the naval service shall report to the proper authority all offenses committed by persons in the naval service which may come under their observation."

We are convinced that the language of the Article is clear, precise and unambiguous. We cannot imagine how anyone of normal intelligence in the naval service could possibly fail to understand what is required of him if he observes an offense being committed. The assignment of error is without merit.

## III

■ Appellant does not argue that Article 1139, U. S. Navy Regulations, 1973, is an unconstitutional regulation. He argues, in effect, that the article was improperly applied to him. We agree.

Appellant was paid in installments $600.00 that had been stolen from the United States Government by Marzatt and/or Frazier. At the time of the payment of the first installment of $100.00 he already suspected but did not know that the money had been stolen. Later he knew the money had been stolen but accepted $500.00 more. We believe the evidence indicates that at any time after appellant knew the money was stolen he would have incriminated himself had he reported the theft to the proper authorities. Thus, if he had obeyed Article 1139, U. S. Navy Regulations, 1973, he would necessarily have incriminated himself.

We believe the Supreme Court of the United States cases of *Marchetti v. United States*, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), and *Grosso v. United States*, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968), are relevant. In those cases, Marchetti and Grosso, apparently professional gamblers, were convicted of evading an excise tax imposed on wagering by a federal statute. The statute required them to register with the Internal Revenue Service, report their income from gambling, and pay the occupational tax on such income. The information obtained through compliance with the statute was made available to law enforcement agencies for the purpose of enforcing anti-gambling laws. The Supreme Court held that compliance with the statute would create a "real and appreciable" hazard of self-incrimination. Accordingly, the Supreme Court reversed the convictions. We believe the reasoning of the Supreme Court of the United States should apply in the case, *sub judice*. We do not hold that Article 1139, U. S. Navy Regulations, 1973, is unconstitutional or otherwise invalid. We do hold that appellant should not have been charged with violation of said article under the circumstances of this case.

Accordingly, the findings of guilty of Charge II and its specification are disapproved and the charge dismissed. The remaining findings are affirmed. Upon reassessment and in consideration of the liberal mitigating action taken by the convening authority, the sentence as approved, mitigated, and partially suspended below, is affirmed.

Senior Judge EVANS and Judge GREGORY concur.