UNITED STATES, Appellee,

v.

Elbert D. POLLARD, Seaman, U.S. Coast Guard, Appellant.

Misc. Dkt. No. 88–38.
CMR Misc. Dkt. No. 001–62–88.

U.S. Court of Military Appeals.

Feb. 8, 1989.

For Appellant: *Lieutenant Commander James Collin* (argued).

For Appellee: *Commander Richard T. Buckingham* and *Lieutenant Commander S.T. Fuger, Jr.* (argued).

*Opinion of the Court*

COX, Judge:

This is an appeal from the United States Coast Guard Court of Military Review originating under Article 62, Uniform Code of Military Justice, 10 USC § 862. Appellant is being tried for using illegal drugs, in violation of Article 112a, UCMJ, 10 USC § 912a. The evidence the Government intends to use against him resulted from urinalysis testing. For the purposes of this appeal, it is assumed that appellant was lawfully ordered to provide the urine samples for testing.

At trial, appellant moved to suppress the evidence against him on the basis that the technical procedures prescribed by Coast Guard instructions for obtaining the samples had not been complied with by testing officials. The military judge granted appellant's motion, holding that the requirements of paragraph 4g of COMMANDANT INSTRUCTION (COMDTINST) 5355.1 (dated July 2, 1985)[1] were not complied with in

---

1. Paragraph 4e through g, COMDTINST 5355.1, states:

  e. The Coordinator shall issue two sample containers, with lids closed, to the Observer in the presence of the member providing the sample. The Observer shall escort the member to the collection site, open the containers and provide them to the member.

  f. The Observer shall observe the member urinating into the two sample containers. Both containers shall be filled to the base of their necks. The member shall then secure the lids to each sample container. The Observer shall escort the member back to the Coordinator, with the two sample containers.

  g. The Coordinator, on receiving the two sample containers, shall, in the presence of the member, ensure that both lids are tightly closed, then attach a tamper proof seal across the top of each container. One-half of sepa-

that: (1) "the sequence [as set out in the instruction for] ... affixing the bar code label and the tamper proof seal" to the sample containers was not followed; and (2) "the observer did not, as required, initial the chain of custody forms." Based on these findings, the military judge suppressed the evidence.

Appeal was timely taken to the Court of Military Review. On appeal, the military judge's ruling was reversed, and the case was remanded for trial without prejudice for the military judge to determine if the technical violations rendered the test "unreliable" as a matter of fact. Citing *United States v. Caceres*, 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979), the court below concluded that there is no constitutional requirement to suppress evidence because of a "failure to follow every internal rule," and it rejected the view that "rule violations require suppression of resulting evidence in every instance." *United States v. Pollard*, 26 MJ 947, 950 (1988).

The court likewise examined Mil.R.Evid. 313(b),[2] which pertains to evidence obtained from testing samples of body fluids, and found that the only limitation on admissibility is that the tests " 'be conducted in a reasonable fashion.' " 26 MJ at 951. *See also* S. Saltzburg, L. Schinasi, D. Schlueter, *Military Rules of Evidence Manual* 236 (2d ed. 1986).

■ We hold that deviating from a regulation or instruction which sets out procedures for collecting, transmitting, or testing urine samples does not render a sample inadmissible as a matter of law; however, such deviation may be considered along with all other factors in determining if the evidence lacks sufficient reliability to be considered by the finders of fact. *See United States v. Caceres, supra; United States v. Holsworth*, 7 MJ 184 (CMA 1979). As is the case with all other evidence proffered under the Military Rules of Evidence, the military judge is responsible for determining if the finders of fact, *i.e.*, the court-martial, can reasonably decide whether a urine sample originated from appellant and was tested without adulteration by any intervening agent or cause. Obviously, the military judge may exclude drug-test results if he finds there has been a substantial violation of regulations intended to assure reliability of the testing procedures. We conclude that the ruling[3] of the Court of Military Review conforms with this view.

The decision of the United States Coast Guard Court of Military Review is affirmed.

Chief Judge EVERETT and Judge SULLIVAN concur.

rately-numbered bar code stickers shall then be attached vertically to each container. The corresponding half of each container's sticker shall be attached to each sample's chain of custody/test result form. The Coordinator, Observer and member shall then sign and initial, respectively, the ledger and chain of custody/test result form. The Coordinator shall ensure that the submitting command's OPFAC number is typed on both chain of custody/test result forms in the space provided.

2. Manual for Courts–Martial, United States, 1984.

3. This appeal is narrowly limited to the test of admissibility based upon technical violations in the procedures for collection, transmission, or testing a urine sample. Accordingly, we need not address any other matters which might logically affect admissibility in any particular case. We do not exclude the possibility that a military judge might be constrained to find a sample inadmissible because of violations of these procedures.