UNITED STATES
v.
John T. VANGELISTI, Boatswain's
Mate Third Class, U.S.
Coast Guard.

Miscellaneous Docket No. 001–62–90.

U.S. Coast Guard Court of
Military Review.

2 Feb. 1990.

Trial Counsel: LT Deborah Schram, USCGR.

Civilian Defense Counsel: Barry Ryan, Esquire.

Detailed Defense Counsel: LT Sharon Montgomery, JAGC, USNR.

Appellate Government Counsel: LCDR Michael J. Devine, USCG.

Civilian Appellate Defense Counsel: Barry Ryan, Esquire (On brief and argued).

Detailed Appellate Defense Counsel: LCDR James Collin, USCG.

OPINION OF THE COURT ON APPEAL OF THE GOVERNMENT FROM TRIAL JUDGE'S RULING DISMISSING SPECIFICATIONS AND SUPPRESSING EVIDENCE

BAUM, Chief Judge:

This is the Coast Guard's third Government Appeal under Article 62, UCMJ, 10 U.S.C. § 862, the first two having been disposed of in favor of the Government in *U.S. v. Solorio*, 21 MJ 512 (CGCMR 1985), *aff'd* 21 MJ 251 (CMA 1986), *aff'd* 483 U.S. 435, 107 S.Ct. 2924, 97 L.Ed.2d 364 (1987) and *U.S. v. Pollard*, 26 MJ 947 (CGCMR 1988), *aff'd* 27 MJ 376 (CMA 1989). The instant notice of appeal filed by the trial counsel on 27 September 1989, lists five rulings by the military judge which were being appealed. The brief on behalf of the

United States, filed by Appellate Government Counsel on 25 October 1989, however, indicates appeal from only three of those five rulings:

(1) dismissal on 26 September 1989 of Charge II, specifications 1, 2, 4, 5, 6, 7, and 8 because of a self-incrimination problem as expressed in *U.S. v. Tyson,* 2 MJ 583 (NCMR 1976);

(2) suppression on 25 September 1989 of the accused's confession to Coast Guard investigators on 30 January 1989 and evidence relating thereto;

(3) denial on 26 September 1989 of a motion by trial counsel to reopen the suppression hearing to address the specific matter of affirmative waiver of counsel rights raised by the military judge in his ruling.

■ In view of the Appellate Government Counsel's brief addressing only the three rulings noted above, appeal of the other two rulings set out in the trial counsel's notice of appeal are deemed to have been abandoned. Accordingly, those two underlying rulings will stand.

By way of background, the accused was charged with nine specifications alleging wrongful use, possession and distribution of illegal drugs under Charge I in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. Charge II and its eight specifications allege eight instances of failure to obey a lawful general regulation by failing to report use of illegal drugs by other Coast Guard personnel in violation of Article 92, UCMJ, 10 U.S.C. § 892. Charge III and its one specification allege an attempted distribution of illegal drugs in violation of Article 80, UCMJ, 10 U.S.C. § 880. At the Article 39(a) session on 25 September 1989, the accused was arraigned on these offenses and various defense motions were raised and litigated, resulting in the above noted rulings, among others. Appellate Government Counsel's appeal brief advocating reversal of the three appealed rulings and the brief by civilian counsel for the accused urging affirmation of those rulings have been fully considered in conjunction with counsel's oral argument heard by the Court

sitting *en banc* on December 14, 1989. The Court is now ready for decision.

I ·

*Appeal From The Military Judge's Ruling Dismissing Specifications Under Charge II Based On U.S. v. Tyson, 2 MJ 583 (NCMR 1976)*

As indicated, the specifications under Charge II alleged violations of a general order by failing to report drug offenses of other Coast Guard personnel. The general order in question, Article 9–1–1 of U.S. Coast Guard Regulations, provides that all persons in the Coast Guard shall report to the proper authority any disobedience or infraction of the regulations which may come under their observation. The infractions the accused allegedly observed and did not report were violations of Article 9–2–15 which prohibits possession, use, sale, or other transfer of controlled substances by persons in the Coast Guard. Citing *U.S. v. Tyson,* 2 MJ 583 (NCMR 1976), the military judge dismissed these specifications, observing, "since it is clear that in each and every one of these specifications the Government clearly suspected the accused of violating and using, personally and being involved in the incident." Record of Trial at page 234, 235. In *Tyson, supra,* the case cited by the judge as authority for his ruling, the Navy Court of Military Review disapproved findings of guilty and dismissed similar specifications, not because the Regulation allegedly violated was unconstitutional, but because, under the circumstances of that particular case, the accused would necessarily have incriminated himself if he had obeyed the regulation in question. The judge here found an identical set of circumstances.

■ Government counsel does not contend the judge was wrong in his assessment of the accused's alleged personal involvement in other offenses which would have necessarily caused him to incriminate himself upon complying with the general order. Instead, he argues that the judge acted prematurely and should have permitted the trial to proceed on the dismissed specifications, allowing for contingencies of

proof. Such a course of action may have been within the judge's discretion, but that is not to say his failure to take that step was error. He, in fact, considered such action and rejected it with the comment that, "in my opinion, allowing the Government to go forward under an exigencies of proof theory would be unduly prejudicial to the accused ..." Record of Trial at page 234. In light of this determination of prejudice to the accused by proceeding with these offenses, coupled with the obvious right against self-incrimination conflict, which is apparent on the face of the specifications under Charges I and II, and the holding in *U.S. v. Tyson, supra*, we cannot say the judge erred as a matter of law. The Government's appeal of the dismissal of Charge II and its specifications is, accordingly, denied.

## II

### Appeal From The Suppression of the Accused's Confession

a. *Did the Military Judge Err as a Matter of Law by Misapplying MRE 305(g) Regarding Waiver of Right to Counsel?*

The defense moved to suppress a confession given to two Coast Guard agents, asserting that it had not been given voluntarily, freely, knowingly or with the requisite Article 31, 10 U.S.C. § 831—Miranda/Tempia advice. The accused testified on this subject and both Coast Guard Special Agents were called as witnesses by the Government, as was the Station Executive Petty Officer, a Chief Petty Officer who testified concerning a consultation the accused had with him during interrogation by the special agents. After all testimony and other evidence was presented and argument made by counsel, the military judge said, "[q]uite frankly, I think both counsel missed this one a little bit." Record of Trial at page 225. He then proceeded to explain that the accused must *affirmatively* decline the right to counsel before any statement may be considered. In amplification, the judge read to the parties portions of MRE 305 concerning warnings about rights and waiver, includ-

ing the last sentence of MRE 305(g)(1) which says, "[t]he accused or suspect must acknowledge affirmatively that he or she understands the rights involved, affirmatively decline the right to counsel and affirmatively consent to making a statement."

Thereafter, the judge called counsel's attention to the discussion of MRE 305 in the drafter's analysis portion of the Manual for Courts–Martial, which he quoted as saying, "[t]he rule requires an affirmative acknowledgement of this right [to counsel] to be made before an adequate waiver can be found." Record of Trial at page 227. Following this quote, he said, "Thus, three waiver questions are required under Article 305(g). 1. Do you understand your rights? Do you want a lawyer? Are you willing to make a statement?" Record of Trial at page 227. With this in mind, he observed that Coast Guard intelligence investigators are using an outdated form and cited counsel to the newer Military Justice Manual's form which tells the interviewer/interrogator to ask, "Do you desire to consult with counsel?" He then stated, "I have heard absolutely no evidence, not a scintilla of evidence that that question was ever asked of this accused by the special agents before he waived his rights and made a statement." Record of Trial at page 228. The judge then framed his ruling as follows:

> Now let's look at subparagraph 2. "Counsel. If the right to counsel in subdivision D is applicable"—and I've already held that it was—"and the accused does not decline affirmatively the right to counsel"—which he hasn't, at least we haven't heard any of it—"the prosecution must demonstrate by a preponderance of the evidence that the individual waived the right to counsel." I have not seen any, heard any evidence that I don't consider any credible evidence that the accused waived the right to counsel, other than this general statement that he waived all his rights. But you've got to have an *affirmative* waiver of your right to counsel. [Emphasis added] There was none. There was no evidence, so the Government has failed in its burden to

prove by a preponderance of evidence that this individual waived the right to counsel. Any statements made by the accused and any statements derived from the statement of 30 January are suppressed and may not be admitted in this court martial.

Record of Trial at page 228.

■ The Government argues that the judge, in requiring an affirmative waiver of the right to counsel, erred as a matter of law. We agree. We do, however, find the requirements of MRE 305 confusing and seemingly in conflict. On the one hand, MRE 305(g)(1) says a suspect must affirmatively decline the right to counsel, and then on the other hand allows a non-affirmative waiver of that right in MRE 305(g)(2). Little wonder then, that the trial judge read MRE 305 one way and we another. In order to resolve this apparent contradiction, we have tried to read these provisions in a manner that would make them internally consistent. In so doing, we have concluded that MRE 305(g)(1) sets out a general requirement of affirmative waiver, and then goes on in MRE 305(g)(2) to provide for one exception to that general rule.

The analysis of MRE 305(g) in appendix 22, Manual for Courts–Martial 1984 supports our interpretation. The portion of that analysis read to counsel by the military judge sets out the general rule of requiring affirmative waiver through the asking of three specific questions. After the statement of that general rule, however, the analysis goes on to say:

> Notwithstanding the above, Rule 305(g)(2), following *North Carolina v. Butler*, 441 U.S. 369 [99 S.Ct. 1755, 60 L.Ed.2d 286] (1979), recognizes that the right to counsel, and only the right to counsel, may be waived even absent an affirmative declination. The burden of proof is on the prosecution in such a case to prove by a preponderance that the accused waived the right to counsel.

*Id.* at A22–15

The military judge did not allow for this exception when he held the Government strictly to the affirmative waiver standard. To the contrary, we find that a demonstration of waiver not amounting to an affirmative declination of counsel is permitted by MRE 305(g)(2) as long as it is supported by a preponderance of the evidence. Since we conclude that the judge erred as a matter of law in this regard, his suppression ruling must be reversed.

### III

b. *Did the Military Judge Abuse His Discretion In Refusing to Reopen the Suppression Hearing and Permit Trial Counsel to Address the Specific Issue of Affirmative Waiver?*

■ As a separate basis for urging reversal of the judge's suppression ruling, Government Counsel argues that the judge abused his discretion in denying trial counsel's motion to reopen the suppression hearing. The Government contends that up until the point when the judge pronounced a requirement for affirmative waiver of counsel rights and said that there was no evidence of such a waiver, both counsel had directed their evidence and argument to the issue of whether the accused's confession was given voluntarily, freely and knowingly after proper Article 31, UCMJ warnings, with nothing whatsoever offered on the matter of particular concern to the judge. For that reason, according to the Government, the judge's ruling came as a complete surprise, and warranted an opportunity to respond. Thus, the trial counsel moved to reopen the suppression hearing but was summarily denied that opportunity by the judge with the comment, "[c]ounsel, you had your chance. Denied." Record of Trial at page 237.

Counsel for the defense argues that the judge's ruling in this regard was amply justified since the motion to suppress was broad enough to encompass the judge's ground and therefore put the Government on notice to address that aspect of the motion. We believe this answer begs the question. Assuming the judge's basis for suppressing the evidence was fairly embraced by the defense motion, was it not still an abuse of discretion to deny the

Government full opportunity to be heard on that determinative issue once it was clear that counsel had missed the point? We believe it was.

At the outset, we find it instructive to repeat some general observations concerning our system of justice which may have applicability here. In *U.S. v. Harris*, 19 MJ 331, 344 (CMA 1985) (Cox, J., concurring in the result), it was said:

> [C]riminal justice is not a game wherein the Government loses if it fails to place the correct symbol in the correct box,[12] ... [Emphasis added.]

[12] United States v. Ceccolini, 435 U.S. 268, 279, 98 S.Ct. 1054, 1061, 55 L.Ed.2d. 268 (1978), states:

> In holding that considerations relating to the exclusionary rule and the constitutional principles which it is designed to protect must play a factor in the attenuation analysis, we do no more than reaffirm an observation made by this Court half a century ago:
>
> "A criminal prosecution is more than a game in which the Government may be checkmated and the game lost merely because its officers have not played according to rule." [Emphasis added.]
>
> McGuire v. United States, 273 U.S. 95, 99 [47 S.Ct. 259, 260, 71 L.Ed. 556] (1927).

Unfortunately, the judge's comments, "I think both counsel missed this one ...," and, "[y]ou had your chance. Denied", *supra*, give the distinct appearance of game playing. The judge acknowledged catching both counsel by surprise when he said they had missed the point. At that stage, we believe he should have allowed counsel to fully address the issue that he perceived as critical and certainly, upon trial counsel's moving to reopen, that opportunity should have been afforded, unless to do so would have resulted in an unnecessary waste of time or resources.

The discussion under the rule relating to the military judge's responsibilities supports this view. Under Rule for Courts–Martial 801(a), it is stated that, "[t]he military judge is responsible for ensuring that court-martial proceedings are conducted in a fair and orderly manner, without unnecessary delay or waste of time or resources." In further amplification, under Rule for Courts–Martial 801(a)(3) the discussion goes on to say: "[t]he military judge should prevent unnecessary waste of time and promote the ascertainment of truth, but must avoid undue interference with the parties' presentations or the appearance of partiality. The parties are entitled to a reasonable opportunity to properly present and support their contentions on any relevant matter."

From what has been said, it is obvious that we differ with the judge's action on the Government's motion to reopen the suppression hearing. However, our disagreement amounts to more than a mere difference of opinion. In applying the standards of *U.S. v. Yoakum*, 8 MJ 763 (ACMR 1980), aff'd on other grounds, 9 MJ 417 (CMA 1980) and *U.S. v. Travers*, 25 MJ 61 (CMA 1987), we find that the judge's denial of the Government's motion to reopen deprived the Government of a substantial right, that is, the reasonable opportunity to properly present and support the Government's views on the determinative issue of affirmative waiver. Without any indication that affording that right would have been an unnecessary waste of time and resources, we believe the judge's action constituted an abuse of discretion.

In light of the foregoing, the judge's suppression ruling is reversed and the record is returned for further litigation of the motion to suppress the accused's confession. When all the evidence on this issue has been heard, the judge shall determine whether the Government has established by a preponderance of the evidence that the accused waived the right to counsel—not whether he affirmatively waived that right. Thereafter, depending on his ruling in this regard, the judge may weigh the evidence concerning the other aspects of the suppression motion that have been raised and litigated in order to make his final ruling on the matter.

Judges JOSEPHSON, BARRY and GRACE concur.

Judges BRIDGMAN and SHKOR did not participate in this case.