UNITED STATES, Appellant,

v.

Kevin L. GRAY, Master Sergeant, U.S. Air Force, Appellee.

No. 63,973.
ACM 27521.

U.S. Court of Military Appeals.

June 19, 1990.

For the Accused: *Colonel Richard F. O'Hair* and *Captain Darla G. Orndorff* (on brief).

For the United States: *Colonel Joe R. Lamport, Major Paul H. Blackwell, Captain Morris D. Davis* (on brief).

PER CURIAM:

In November 1988, the accused was tried by a general court-martial at Lackland Air Force Base, Texas. Contrary to his pleas, he was found guilty of wrongful use of cocaine and wrongful use of marijuana, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. The members of his court-martial sentenced him to a bad-conduct discharge, hard labor without confinement for 3 months, and reduction to airman first class. The convening authority approved the sentence. On November 17, 1989, in an unpublished opinion, 1989 WL 148899, the Court of Military Review set aside the findings and sentence and authorized a rehearing.

The Judge Advocate General of the Air Force certified the following question for

review pursuant to Article 67(b)(2), UCMJ, 10 USC § 867(b)(2):

> WHETHER THE AIR FORCE COURT OF MILITARY REVIEW ERRED BY HOLDING THAT THE GOVERNMENT COULD NOT INTRODUCE, IN REBUTTAL, URINALYSIS TEST RESULTS WHICH WERE BELOW THE DEPARTMENT OF DEFENSE CUTOFF LEVEL WHERE SUCH HOLDING IS CONTRARY TO THE INTENT OF THE DRAFTERS OF THE APPLICABLE DIRECTIVE.

Government appellate counsel have attached to their brief in support of this certified question a memorandum dated January 8, 1990, from a purported drafter of Department of Defense Directive 1010.1, "Drug Abuse Testing Program," 28 December 1984. This memorandum adopts the Government's construction of this regulation which was rejected by this Court in *United States v. Arguello*, 29 MJ 198 (CMA 1989), and later in *United States v. Joyner*, 29 MJ 209 (CMA 1989), and by the court below in resolving this case in favor of the accused.

▉ We hold that the Court of Military Review did not err in reversing the accused's conviction for drug use on the basis of DOD Directive 1010.1. Its opinion properly followed the decisions of this Court in *Arguello* and *Joyner*. The memorandum proffered by appellate government counsel to show a contrary regulatory intent was improperly filed as an evidentiary attachment in this case. *Cf.* Rule 24, Rules of Practice and Procedure, United States Court of Military Appeals. *See generally* Rule 30, *supra*. Moreover, regulatory intent is not a matter which this Court can take judicial notice of under Mil. R. Evid. 201A, Manual for Courts–Martial, United States, 1984. *Cf. United States v. Mead*, 16 MJ 270 (CMA 1983). Finally, the persuasiveness of a memorandum prepared almost 6 years after promulgation of the questioned regulation at the request of appellate government counsel is not great. *See Palmer v. Hoffman*, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943). *Cf. United States v. Robinson*, 6 USCMA 347, 351, 20

CMR 63, 67 (1955). *See generally* 2A *Sutherland Stat. Const.* § 48.12 (4th ed.)

Accordingly, the certified question is answered in the negative.

The decision of the United States Air Force Court of Military Review setting aside the findings and sentence is affirmed.

COX, Judge (dissenting):

The accused was convicted of cocaine and marijuana use in June 1988. Prior to his trial, he was a participant in an Air Force program which assigned him to serve his military duty attending a civilian university as a full-time student. During that program, the accused, other participants in the program, and ROTC cadets were required to submit to annual urinalysis inspections. The specimen provided by the accused in June 1988 tested positive for cocaine and marijuana metabolites, indicating recent use of both drugs. An expert testified and explained the tests. The certified issue does not relate to this urinalysis.

As noted by the Court of Military Review:

> [The accused] took the stand and testified he had never, during his entire lifetime, used marijuana or cocaine. *He also testified that he had participated in urinalysis testing a year before and the results were negative.* Considerable evidence about the [accused's] good character, reputation for truthfulness, and outstanding military record was also placed before the factfinders, much of it contained in a stipulation of fact entered into by the parties. In rebuttal the Government's forensic expert was recalled. He testified he had examined a copy of the lab report regarding the earlier test (RIA screening test data) reported as negative. Trial counsel asked, "does the sample show the presence of any THC?" Over defense objection, the witness was permitted to testify that it did, but at a level below the Department of Defense (DOD) cut-off for reporting a positive result. The RIA screening test

data was itself then admitted as a prosecution exhibit.

Unpub. Op. at 2 (emphasis added).

I adhere to my view in *United States v. Arguello*, 29 MJ 198, 207 (CMA 1989) (Cox, J., concurring in the result), that neither party ought to be able to make headway from a "negative" urinalysis. The prosecutor is barred from using it affirmatively, not because it lacks probative value, but because appropriate higher authority has granted a form of limited immunity to those whose results fall under certain limits. The defense can hardly claim that a "negative" test proves non-use unless the analysis detects *no* metabolites present.

If, however, an accused or his counsel is foolish enough to initiate the claim or implication that a "negative" result proves non-use, when in fact it does not, then I am hard-pressed to understand how the defense can complain when the prosecution merely sets the record straight in rebuttal. Nothing in the regulation suggests that it was intended to be a vehicle for misrepresentation.

In fact, precisely the contrary is the case:

Results obtained from command-directed testing ... may *not* be used against the member in any disciplinary action under the UCMJ, ... However, the limitations of this paragraph on the use of the results do not apply to:

(1) The introduction of evidence for impeachment or rebuttal purposes in any proceeding in which the evidence of drug abuse (or lack thereof) has been first introduced by the member.

Para. 5–8b., AFR 30–2 (August 19, 1988).

I would reverse the decision of the United States Air Force Court of Military Review.