**UNITED STATES, Appellee,**

v.

**John T. VANGELISTI, Boatswain's Mate Third Class, U.S. Coast Guard, Appellant.**

**Misc. No. 90–06.
CG Misc. Dkt. No. 001–62–90.**

U.S. Court of Military Appeals.

June 19, 1990.

For Appellant: *Barry E. Ryan,* Esquire (argued); *Lieutenant Commander James Collin.*

For Appellee: *Lieutenant Commander Michael J. Devine* (argued).

*Opinion of the Court*

SULLIVAN, Judge:

This opinion follows an order of this Court on April 10, 1990, in the case of *United States v. Vangelisti,* (Misc. Dkt. No. 90–06/CG). That order was issued with regard to a petition for review filed in this Court by Petty Officer Vangelisti which challenged adverse portions of a Coast Guard Court of Military Review decision (29 MJ 1059 (1990)) in his case. Art. 67(b)(3), Uniform Code of Military Justice, 10 USC § 867(b)(3); Rule 18(a)(1), Rules of Practice and Procedure, United States Court of Military Appeals; *see generally United States v. Tucker,* 20 MJ 52 (CMA 1985). The court below, on an interlocutory government appeal, reversed the military judge's ruling suppressing evidence of the accused's confession and remanded the case to that judge for further litigation on the suppression motion. *See* Art. 62, UCMJ, 10 USC § 862. Our order set aside that portion of the decision below which was adverse to the accused and reinstated the military judge's rulings which had been reversed by that appellate court. *See generally* RCM 908(c)(3), Manual for Courts–Martial, United States, 1984.

The facts pertaining to our earlier order are delineated in the decision below. That court summarized the procedural status of this case as follows:

> This is the Coast Guard's third Government Appeal under Article 62, UCMJ, 10 U.S.C. § 862, the first two having been disposed of in favor of the Government in *U.S. v. Solorio,* 21 MJ 512 (CGCMR 1985), *aff'd* 21 MJ 251 (CMA 1986), *aff'd* 483 U.S. 435 [107 S.Ct. 2924, 97 L.Ed.2d 364] (1987) and *U.S. v. Pollard,* 26 MJ 947 (CGCMR 1988), *aff'd* 27 MJ 376 (CMA 1989). The instant notice of appeal filed by the trial counsel on 27 September 1989, lists five rulings by the military judge which were being appealed. The brief on behalf of the United States, filed by Appellate Government Counsel on 25 October 1989, however, indicates appeal from only three of those five rulings:

> (1) dismissal on 26 September 1989 of Charge II, specifications 1, 2, 4, 5, 6, 7, and 8 because of a self-incrimination problem as expressed in *U.S. v. Tyson,* 2 MJ 583 (NCMR 1976);

> (2) suppression on 25 September 1989 of the accused's confession to Coast Guard investigators on 30 January 1989 and evidence relating thereto;

> (3) denial on 26 September 1989 of a motion by trial counsel to reopen the suppression hearing to address the specific matter of affirmative waiver of counsel rights raised by the military judge in his ruling.

> In view of the Appellate Government Counsel's brief addressing only the three rulings noted above, appeal of the other two rulings set out in the trial counsel's notice of appeal are deemed to have been abandoned. Accordingly, those two underlying rulings will stand.

> By way of background, the accused was charged with nine specifications alleging wrongful use, possession and distribution of illegal drugs under Charge I in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. Charge II and its eight specifications allege eight instances of failure to obey a lawful general regulation by failing to report use of illegal drugs by other Coast Guard personnel in violation of Article 92, UCMJ, 10 U.S.C. § 892. Charge III and its one specification allege an attempted distribution of illegal drugs in violation of Article 80, UCMJ, 10 U.S.C. § 880. At the Article 39(a) [, UCMJ, 10 U.S.C. § 839(a),] session of 25 September 1989, the accused was arraigned on these offenses and various defense motions were raised and litigated, resulting in the above noted rulings, among others. Appellate Government Counsel's appeal brief advocating reversal of the three appealed rulings and the brief by civilian counsel for the accused urging affirmation of those rulings have been fully considered in conjunction with counsel's oral

argument heard by the Court sitting *en banc* on December 24, 1989.

29 MJ at 1059–60.

The Court of Military Review then held that the military judge legally erred in granting the defense's suppression motion. It reasoned:

> Little wonder then, that the trial judge read MRE 305 one way and we another. In order to resolve this apparent contradiction, we have tried to read these [305(g)(1) and (g)(2) ] provisions in a manner that would make them internally consistent. In so doing, we have concluded that MRE 305(g)(1) sets out a general requirement of affirmative waiver, and then goes on in MRE 305(g)(2) to provide for one exception to that general rule.

> The analysis of MRE 305(g) in appendix 22, Manual for Courts–Martial 1984 supports our interpretation. The portion of that analysis read to counsel by the military judge sets out the general rule of requiring affirmative waiver through the asking of three specific questions. After the statement of that general rule, however, the analysis goes on to say:

> > Notwithstanding the above, Rule 305(g)(2), following *North Carolina v. Butler*, 441 U.S. 369 [99 S.Ct. 1755, 60 L.Ed.2d 286] (1979), recognizes that the right to counsel, and only the right to counsel, may be waived even absent an affirmative declination. The burden of proof is on the prosecution in such a case to prove by a preponderance that the accused waived the right to counsel.

> *Id.* at A22–15.

> The military judge did not allow for this exception when he held the Government strictly to the affirmative waiver standard. To the contrary, we find that a demonstration of waiver not amounting to an affirmative declination of counsel is permitted by MRE 305(g)(2) as long as it is supported by a preponderance of the evidence. Since we conclude that the judge erred as a matter of law in this

regard, his suppression ruling must be reversed.

29 MJ at 1062.

---

The Court of Military Review held, *inter alia*, that the judge erred as a matter of law in granting the defense's suppression motion. In particular, it found that the judge had exclusively focused on the affirmative-waiver-of-counsel provision of Mil.R.Evid. 305(g)(1) and ignored the less-than-affirmative-waiver-of-counsel provision found in Mil.R.Evid. 305(g)(2). It also held that, even assuming the trial judge properly construed this rule, he erred by denying the Government's request to reopen its case to show an affirmative waiver. *See* Discussion, RCM 801(a), Manual, *supra*. Accused's civilian defense counsel challenges these holdings in our Court for several reasons.

## I

■ Counsel's first contention is that the Court of Military Review should not have considered certain extra-record matters in resolving the Government's appeal of the judge's rulings. He asserts that government counsel improperly attached several affidavits as appendices to its brief submitted to that court. These same affidavits have been similarly attached as appendices to the Government's brief before this Court. These sworn statements were made by Coast Guard Special Agents who conducted the challenged interview of the accused and assert the accused was properly informed of his rights and expressly waived his right to counsel. The agents' previous testimony at trial did not particularly state that the accused expressly waived his right to counsel.

There are two possible reasons why government counsel might want an appellate court to consider these affidavits. First, counsel might hope that they would affect the court's ultimate resolution of the Government's contention that the military judge erred in granting the suppression motion—the substance of the Govern-

ment's Article 62 appeal. However, the Government's use of the affidavits for this purpose would exceed the scope of appeal available to it under Article 62(b). Under that statutory provision, the Court of Military Review is limited to questions of law in resolving interlocutory government appeals. *Cf.* Art. 66(c), UCMJ, 10 USC § 866(c). Within this restriction, the pertinent inquiry is the legal sufficiency of evidence *of record* supporting the judge's finding, not the existence of evidence—or of potential evidence—supporting a contrary holding. *See generally United States v. Travers,* 25 MJ 61, 63 (CMA 1987).

Second, counsel might offer the affidavits to demonstrate to an appellate court what evidence it might have been able to produce if the military judge had granted its motion to reopen litigation of the suppression motion. The affidavits, according to this tactic, might be important to convince the appellate court that the judge's refusal to permit reopening—if error—was not harmless. In this regard, however, we note that the challenged affidavits were not specifically proferred at trial as exhibits attached for appellate review as required by Mil.R.Evid. 103(a)(2), and the affiants were not particularly identified by trial counsel as the source of the "relevant evidence" she sought to belatedly introduce. As a general principle, it has been said that "[o]rdinarily, appellate courts review claimed errors only on the basis of the error as presented to the lower courts." *United States v. Roberts,* 7 USCMA 322, 325, 22 CMR 112, 115 (1956). This same principle should apply to government appeals.

Such error we find was detrimental to the accused in the sense that these affidavits contributed to an adverse resolution of the government appeal in his case by the Court of Military Review. Art. 59(a), UCMJ, 10 USC § 859(a); *see generally United States v. Gladden,* 1 MJ 12, 14 (CMA 1975). The court below generally

stated in this case that "[a]ppellate government counsel's appeal brief advocating reversal of the three appealed rulings ... ha[s] been fully considered ..." 29 MJ at 1060. Moreover, it particularly stated, "Without any indication that affording that right would have been an unnecessary waste of time and resources, we believe the judge's action constituted an abuse of discretion." *Id.* at 1063. In this light, we find the appendices were offered and considered as evidence that the Government suffered prejudice as a result of the military judge's purportedly erroneous rulings. Reversal of the decision of the Court of Military Review is justified on this basis alone.

While not determinative of our conclusion as to the propriety of considering these affidavits on appeal, we hasten to add one final procedural note on this topic. Appellate government counsel attempted to catapult these affidavits into the appellate arena simply by attaching them to their brief—both at the Court of Military Review and in this Court. At neither level did counsel make a motion for leave to file these affidavits. *See United States v. Weaver,* 1 MJ 111, 114 n.1 (CMA 1975). The attachment of these documents without proper motion therefor was impermissible appellate practice and will not be condoned. *See United States v. Gray,* 30 MJ 231 (CMA 1990); *United States v. Roach,* 29 MJ 33, 37 (CMA 1989).

## II

■ Civilian counsel's second contention is that the Court of Military Review misread the judge's ruling granting the defense motion under Mil.R.Evid. 305(g). He asserts that the judge did not erroneously insist on an "affirmative" waiver of the right to counsel under Mil.R.Evid. 305(g)(1) to the extent of ignoring the less-than-affirmative waiver alternative found in Mil.R. Evid. 305(g)(2).[1] We agree; however, we

---

1. The accused also suggests that Mil.R.Evid. 305(g)(1) and (2) should be read more narrowly

than *North Carolina v. Butler,* 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979), in light of

further find that any error he might have made in this regard was clearly harmless. Art. 59(a); *see* Mil.R.Evid. 103(a).

Mil.R.Evid. 305(g) states:

(g) *Waiver.*

(1) *General rule.* After receiving applicable warnings under this rule, a person may waive the rights described therein and in Mil.R.Evid. 301 and make a statement. The waiver must be made freely, knowingly, and intelligently. *A written waiver is not required. The accused or suspect must* acknowledge affirmatively that he or she understands the rights involved, *affirmatively decline the right to counsel* and affirmatively consent to making a statement.

(2) *Counsel. If* the right to counsel in subdivision (d) is applicable and *the accused or suspect does not decline affirmatively the right to counsel, the prosecution must demonstrate by a preponderance of the evidence that the individual waived the right to counsel.* In addition, if the notice to counsel in subdivision (e) is applicable, a waiver of the right to counsel is not effective unless the prosecution demonstrates by a preponderance of the evidence that reasonable efforts to notify the counsel were unavailing or that the counsel did not attend an interrogation scheduled within a reasonable period of time after the required notice was given.

(Emphasis added.)

The analysis of this Rule currently provided in the Manual for Courts–Martial states:

(g) *Waiver.* The waiver provision of Rule 305(g) restates current military practice and is taken in part from para. 140*a* (2) of the 1969 Manual [for Courts–Martial, United States, 1969 (Revised edition)].

Rule 305(g)(1) sets forth the general rule for waiver and follows *Miranda v. Arizona,* 384 U.S. 436, 475 [86 S.Ct. 1602, 1628, 16 L.Ed.2d 694] (1966). The Rule requires that an affirmative acknowledgement of the right be made before an adequate waiver may be found. Thus, three waiver questions are required under Rule 305(g):

(1) Do you understand your rights?

(2) Do you want a lawyer?

(3) Are you willing to make a statement?

The specific wording of the questions is not detailed by the Rule and any format may be used so long as the substantive content is present.

*Notwithstanding the above, Rule 305(g)(2), following North Carolina v. Butler, 441 U.S. 369 [99 S.Ct. 1755, 60 L.Ed.2d 286] (1979), recognizes that the right to counsel, and only the right to counsel, may be waived even absent an affirmative declination. The burden of proof is on the prosecution in such a case to prove by a preponderance that the accused waived the right to counsel.* 1984 Manual, *supra* at A22–15 (Change 2).

The original drafters' analysis was different to the extent that the second sentence of the second paragraph states: "The Rule requires that an affirmative acknowledgement of the right be made before an adequate waiver may be found. *See Manual para. 30b.*" 1969 Manual, *supra* at A18–28 (Change 3). Paragraph 30*b*, 1969 Manual, supra,[2] stated that "in custody ... [an] accused or suspect ordinarily should not be interrogated in the absence of counsel unless he *expressly* and voluntarily states (1) that he does not desire counsel ..." (Emphasis added.)

In *North Carolina v. Butler,* 441 U.S. 369, 373, 99 S.Ct. 1755, 1757, 60 L.Ed.2d

Article 31, Uniform Code of Military Justice, 10 USC § 831, and *United States v. Ravenel,* 26 MJ 344 (CMA 1988).

**2.** This Manual provision was removed by Change 3 to the Manual for Courts–Martial, United States, 1969 (Revised edition) on September 1, 1980, at the same time the Military Rules

of Evidence, including Mil.R.Evid. 305(g)(1) and (2), were added to the Manual for Courts–Martial. Reference to this paragraph in the analysis of Mil.R.Evid. 305(g) was not removed until Change 2 to the Manual for Courts–Martial, United States, 1984, effective May 15, 1986.

286 (1979), the Supreme Court made a distinction between an express written or oral statement of waiver and a waiver clearly inferred from the actions and words of the person interrogated. However, both types of waiver were deemed sufficient for purposes of waiver of the right to counsel after appropriate advice. The Manual drafters departed from the express/implied terminology used in that decision when they wrote Mil.R.Evid. 305(g)(1) and (2) and substituted the term affirmative waiver/waiver phraseology. The latter distinction is not so clear as that in *North Carolina v. Butler, supra.* Also, the original source for defining "affirmative waiver" has been eliminated from the current Manual analysis. Finally, use of the categorical "must" in Mil.R.Evid. 305(g)(1) coupled with use of the unspecific "waiver" in Mil. R.Evid. 305(g)(2) creates further confusion. A legitimate question existed as to the type of waiver of counsel which is legally sufficient to support admission of a confession at a court-martial.

The military judge in this case responded to this regulatory quandary as follows:

Now let's look at waiver. Waiver, general rule. "After receiving applicable warnings under this rule, a person may waive the rights described therein, Military Rule of Evidence 301, and make the statement. The waiver must be made freely, knowingly and intelligently. A written waiver is not required. The accused or suspect must acknowledge affirmatively that he or she understands the rights involved, affirmatively decline the right to counsel, and affirmatively consent to making a statement."

Okay. We have the accused, I think the accused was given adequate and proper warning. The form was filled out. A written waiver is not required, but the accused must affirmatively decline the right to counsel and affirmatively consent to making a statement. Those are two different things. I would call counsel's attention to the discussion of the rule, the drafter's analysis that's part of the Manual for Courts–Martial which says that "The rule requires an affirma-

tive acknowledgement of this right to be made before an adequate waiver can be found. *See* Manual paragraph 30(b). Thus, three waiver questions are required under Article 305(g). 1. Do you understand your rights? Do you want a lawyer? Are willing to make a statement?"

One problem the Coast Guard intelligence investigators have is they are using an outdated form that predated the Military Rules of Evidence. The form, which I believe was Defense Exhibit B, basically does a nice job of spelling out the rights and it says he fully understands his rights and he consents to be interviewed. However, he does not waive his rights to consult with counsel. Now, the newer Military Justice Manual, which is Defense Exhibit E, specifically adds after people sign, "If the accused executes the above, the interviewer should ask the following question: Do you desire to consult with counsel?" I have heard absolutely no evidence, not a scintilla of evidence that question was ever asked of this accused by the special agents before he waived his rights and made a statement.

*Now let's look at subparagraph 2. "Counsel. If the right to counsel in subdivision D is applicable"—and I've already held that it was—"and the accused does not decline affirmatively the right to counsel"—which he hasn't, at least we haven't heard any of it—"the prosecution must demonstrate by a preponderance of the evidence that the individual waived the right to counsel." I have not seen any, heard any evidence that I don't consider any credible evidence that the accused waived the right to counsel, other than this general statement that he waived all his rights. But you've got to have an affirmative waiver of your right to counsel. There was none. There was no evidence, so the Government has failed in its burden to prove by a preponderance of evidence that this individual waived the right to*

counsel. Any statements made by the accused and any statements derived from the statement of 30 January are suppressed and may not be admitted in this court-martial.

(Emphasis added.)

■ We agree with the Court of Military Review that the judge's ruling was not clearly worded, but it was no less precise than Mil.R.Evid. 305(g)(1) and (2). Both departed from the terminology of *North Carolina v. Butler, supra,* and both failed to distinguish between affirmative waiver and waiver in a meaningful way. In such a situation we are inclined to presume the military judge knew the law and acted according to it. *Compare United States v. Lewis,* 12 MJ 205, 208 n.4 (CMA 1982), *with United States v. Roa,* 12 MJ 210, 211–12 (CMA 1982). In any event, we also read the judge's ruling as finding no valid waiver of counsel, regardless of its form, on the evidence before him, and we are satisfied that such a ruling is justified on the record before us. *See generally North Carolina v. Butler, supra* at 375, 99 S.Ct. at 1758.

### III

■ Defense counsel's third contention is that the Court of Military Review wrongly concluded that the trial judge erred in denying the Government's request to reopen its case on the suppression motion. *Cf. United States v. Travers, supra,* 25 MJ 61. The Government's request for such relief was phrased as follows:

Lt. Schram: If it please the court, counsel. I'd first like to request that the court reopen the issue of the suppression of the confession. I believe there's relevant evidence that was not brought out. *I finally got a chance to read the Defense counsel's detailed memorandum last night after court, and he does bring up the issue of Article 31(b) [, UCMJ, 10 USC § 831(b)] rights,* but it never was addressed by either defense or trial counsel or military judge, the issue of whether the special agents, after they advised the accused of his rights, the fact that he signed, the fact that he knew

his rights and understood them, whether or not they asked that most important question, "Do you want an attorney or a lawyer?"

Judge Reining: Counsel, you had your chance. Denied.

The court below held that the judge's ruling denied the prosecution "the reasonable opportunity to properly present and support the Government's view on the determinative issue of affirmative waiver." 29 MJ at 1063. We disagree. *See generally United States v. Thetford,* 676 F.2d 170, 182 (5th Cir.1982), *cert. denied,* 459 U.S. 1148, 103 S.Ct. 790, 74 L.Ed.2d 996 (1983).

Initially we note that trial counsel herself admitted that her review of accused's pretrial motion and supporting memorandum was not properly completed until the night after the judge granted the defense motion to suppress. Moreover, no acceptable justification was proffered by her for such belated action. *Cf.* Mil.R.Evid. 304(d)(2)(A). Finally, the characterization of "surprise ruling" proffered by the Court of Military Review was not binding on the judge or dictated as a matter of law by the evidence of record in this case. *See* Art. 62(b).

On the matter of surprise, we recognize that trial counsel only generally conceded that "Defense counsel's detailed memorandum" did "bring up the issue of Article 31(b) rights." Moreover, she also insisted that nobody made any particular mention of "whether or not they asked that most important question, 'Do you want an attorney or a lawyer?'." Nevertheless, other evidence of record suggests a conclusion different from that of the court below. Review of defense counsel's written motion for suppression reveals the express assertion that the challenged confession was given without the requisite advice both as to Article 31 and the Fifth Amendment. More importantly, it referenced a written memorandum in support of this motion which expressly referred to Mil.R.Evid. 305 and contained a copy of this rule with subsections (g)(1) and (2) underlined in pertinent part.

Mil.R.Evid. 304(d) states, *inter alia:*

(3) *Specificity. The military judge may require the defense to specify the grounds upon which the defense moves to suppress or object to evidence. If defense counsel, despite the exercise of due diligence, has been unable to interview adequately those persons involved in the taking of a statement, the military judge may make any order required in the interests of justice, including authorization for the defense to make a general motion to suppress or general objection.*

\* \* \* \* \* \*

(e) *Burden of proof. When an appropriate motion or objection has been made by the defense under this rule, the prosecution has the burden of establishing the admissibility of the evidence. When a specific motion or objection has been required under subdivision (d)(3), the burden on the prosecution extends only to the grounds upon which the defense moved to suppress or object to the evidence.*

(Emphasis added.) In our view the written pretrial motion and supporting memorandum of defense counsel satisfied the requirements of Mil.R.Evid. 304(d)(3) and (e). They adequately notified the Government of its burden to establish admissibility of this confession under Mil.R.Evid. 305(g)(1) and (2). A legal or factual finding of surprise surely is not dictated in these circumstances. Accordingly, the judge committed no abuse of discretion in his ruling.

The decision of the United States Coast Guard Court of Military Review regarding the motions to suppress and to reopen is reversed. The record of trial is returned to the General Counsel of the Department of Transportation for remand to the military judge for trial on any specifications not affected by the judge's rulings.

Chief Judge EVERETT concurs.

COX, Judge (concurring):

I agree with the opinion authored by Judge Sullivan. I write only to make two additional points. First, my reading of the record convinces me that the military judge worked competently and assiduously to resolve the issue before him. The question was whether the confession should be admitted into evidence or be suppressed. He concluded that it should be suppressed. His effort deserves affirmance.

Second, if a military judge's finding of fact is supported by the evidence of record (or lack thereof), then it shall not be disturbed on appeal taken under Article 62, Uniform Code of Military Justice, 10 USC § 862. *United States v. Burris*, 21 MJ 140 (CMA 1985).

Waiver is defined as "an intentional relinquishment or abandonment of a known right." *See Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). Affirmative, used as an adjective, is defined as "asserting that the fact is so." *See Webster's Ninth New Collegiate Dictionary* 61 (1988). Thus, in combination an "affirmative waiver" is an express relinquishment of a known right.

Mil.R.Evid. 305(g)(2) does not create an exception to the requirement that an accused must intentionally relinquish his right to counsel; rather it permits proof of the waiver by evidence other than the accused's own expression that he knows of his right to counsel, understands his right, and intentionally elects to relinquish that right. My reading of the record convinces me that the military judge understood this distinction, albeit he may have used imprecise language. Thus, whether the Government proved that the accused had waived his right to counsel, either expressly or by necessary implication, becomes a question of fact. The military judge's findings concerning this factual question are supported by the record and, therefore, may not be disturbed on appeal.