UNITED STATES, Appellee,

v.

Marlon D. HUTCHISON, Machinery Technician Second Class (E–5), U.S. Coast Guard, Appellant.

CGCMG 0132.
Docket No. 1090.

U.S. Coast Guard Court of Criminal Appeals.

9 Aug. 2001.

---

1. *United States v. Stirewalt,* 53 M.J. 582 (C.G.Ct. Crim.App.2000); *Stirewalt v. Pluta,* 54 M.J. 925 (C.G.Ct.Crim.App.2001).

**508**

### ORDER—RECONSIDERATION EN BANC

On consideration of the Government's Motion for Reconsideration of this Court's decision of 27 June 2001, and Suggestion for Reconsideration *En Banc,* along with Motions for Oral Argument and Attachment of a Document, filed with this Court in the above-styled case in accordance with Rules 17, 19, and 23 of this Court's Rules of Practice and Procedure on 26 July 2001, and after consideration also of Appellant's opposition to said reconsideration, filed with this Court on 31 July 2001, it is by the Court this 9th day of August 2001,

ORDERED:

█ That the Government's Motion for Oral Argument be, and the same is, hereby denied, but the Motion to Attach a Document is granted, as is the Motion for Reconsideration. Furthermore, in accordance with Rule 17 of this Court's Rules, a majority of the judges present for duty, excluding Judge Bruce who as trial judge is disqualified from participating, has ordered that reconsideration of the entire case be by the Court sitting as a whole. In arriving at this action, the Court has determined that the issues of its authority to review a decision to court-martial Appellant while a state trial is pending for the same acts, and its authority to consider the results of that review, as well as the state court's findings and sentence, in determining a sentence that should be approved pursuant to Article 66, UCMJ, 10 USC § 866, are questions of exceptional importance.

█ With respect to the question whether this Court's sentence-appropriateness decision should be reconsidered, information that Appellant has served state-imposed confinement may be relevant, but the information in footnote 1 of the Government's motion for reconsideration concerning post-conviction offenses and violations of probation, allegedly committed by Appellant after release from confinement by the Coast Guard, are not relevant. A motion to submit this information was not filed and, if it had been, it would not have been granted. Accordingly, the information in footnote 1 concerning other offenses and violation of probation is not properly before the Court, *United States v. Vangelisti,* 30 M.J. 234, 237 (CMA 1990), and it has played no part in this Court's determination to reconsider its earlier decision.

The Government's brief on the merits shall be filed within thirty days of this date, and Appellant's answer shall be filed within thirty days after the filing of the Government's brief.