UNITED STATES, Appellee,

v.

Paul L. TRAVERS, Specialist Four,
U.S. Army, Appellant.

No. 55,494.

CM 447599.

U.S. Court of Military Appeals.

Sept. 24, 1987.

For Appellant: *Captain Robert P. Morgan* (argued); *Colonel Brooks B. La Grua, Major Joel D. Miller, Captain Stewart C. Hudson* (on brief); *Captain David L. Carrier.*

For Appellee: *Captain Tarek Sawi* (argued); *Colonel Norman G. Cooper, Lieutenant Colonel Gary F. Roberson, Lieutenant Colonel Larry D. Williams* (on brief).

*Opinion of the Court*

COX, Judge:

Appellant was tried before a general court-martial composed of officer members. He was found guilty of conspiracy to commit burglary; larceny; and burglary, in violation of Articles 81, 121, and 129, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 921, and 929, respectively. He was sentenced to a bad-conduct discharge, confinement for 2 years, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved, and the Court of Military Review affirmed, the findings and sentence.

We granted review of the following issue to determine:

WHETHER THE MILITARY JUDGE ABUSED HIS DISCRETION BY REFUSING TO PERMIT IN CAMERA TESTIMONY RELATING TO APPELLANT'S INFORMANT ACTIVITIES.

This question arose during the presentencing phase of appellant's trial. The entire exchange between the judge and counsel is reported as follows:

DC: Your Honor, this matter concerns some work done by the accused for CID. I anticipate that Special Agent Lewis will come in and say basically that the accused has been an informant for the CID. The defense requests that this be allowed to be presented to the court members outside the presence of the various spectators, to include the coaccused and others. To be perfectly honest with the court, Your Honor, it's—our request is based on protection of the accused's interests because he and the defense do not want it known throughout the community that he is, basically, an informant for the CID. It's that simple.

MJ: All right, that's fine. I'll let you make your decision as to whether or not to call the CID agent or not. I'm not going to close the court. It's highly unusual circumstances and I will not close the court for that reason.

DC: All right, sir.

MJ: This is a free society and it's a public trial. There are strategic alternatives that you can take. You can decide whether it's in the best interest of your accused to present the testimony or not present the testimony, but the court will not be closed.

■ There can be no doubt that the general public has a qualified constitutional right under the First Amendment to access to criminal trials. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980). An accused does not have an absolute right to a private trial. *Gannett Co. v. DePasquale*, 443 U.S. 368, 382, 99 S.Ct. 2898, 2907, 61 L.Ed.2d 608 (1979). The right to public access to criminal trials extends to courts-martial. *United States v. Hershey*, 20 M.J. 433 (C.M.A. 1985); *United States v. Grunden*, 2 M.J. 116 (C.M.A. 1977). Indeed, we believe that public confidence in matters of military justice would quickly erode if courts-martial were arbitrarily closed to the public. The sentencing process is an important aspect of the trial and should be kept open.

■ Nevertheless, a defendant may bar the public from the courtroom if he can demonstrate that he has an "overriding interest" that could justify closure. *Press-Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984). The question of whether "an overriding interest" exists lies in the sound discretion of the military judge.

The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered.

*Id.* at 510, 104 S.Ct. at 824.

■ We believe that the converse is likewise true, that is, a decision *not to close* the trial to the public upon the motion of an accused is subject to review only for an abuse of the military judge's discretion.

An "abuse of discretion" exists where "reasons or rulings of the" military judge are "clearly untenable and ... deprive a party of a substantial right such as to amount to a denial of justice"; it "does not imply an improper motive, willful purpose, or intentional wrong." *Guggenmos v. Guggenmos*, 218 Neb. 746, 359 N.W.2d 87, 90 (1984), citing *Pettegrew v. Pettegrew*, 128 Neb. 783, 260 N.W. 287 (1935).

The "abuse of discretion" standard is a strict one and has been defined in *United States v. Yoakum*, 8 M.J. 763 (A.C.M.R. 1980), *aff'd. on other grounds*, 9 M.J. 417 (C.M.A. 1980), as follows:

To reverse for "an abuse of discretion involves far more than a difference in ... opinion.... The challenged action must ... be found to be 'arbitrary, fanciful, clearly unreasonable,' or 'clearly erroneous' in order to be invalidated on appeal."

*Quoting United States v. Glenn,* 473 F.2d 191, 196 (D.C. Cir. 1972).

"An abuse of discretion arises in cases in which the judge was controlled by some error of law or where the order, based upon factual, as distinguished from legal, conclusions, is without evidentiary support." *Renney v. Dobbs House, Inc.,* 275 S.C. 562, 274 S.E. 2d 290, 291 (1981), *citing Stewart v. Floyd,* 274 S.C. 437, 265 S.E. 2d 254 (1980).

■ We have reviewed the record of trial in light of appellant's assertion that his right to a fair trial was violated by the military judge's refusal to close the court room. Although we find nothing in the record to show that the public or the press were clamoring to get into the courtroom, and there is nothing in the record to demonstrate what motivated the military judge to deny this simple request, there is likewise nothing in the record to show that appellant's fear of reprisal was justified. Appellant did not elect to obtain the CID testimony in some other form recognized as proper mitigating material, such as by deposition, affidavit, or letter endorsed by the CID command. R.C.M. 1001(c)(3), Manual for Courts-Martial, United States, 1984; *see also Press Enterprise Co. v. Superior Court of California,* 478 U.S. 1, 106 S.Ct. 2735, 2743, 92 L.Ed.2d 1 (1986) (requiring court to "consider whether alternatives short of complete closure would have protected the interests of the accused").

Appellant was never denied the opportunity to present this evidence in an open courtroom; his failure to do so was his own election. Although we agree with appellant that the public's interest in his trial was likely very small when balanced with his interest in getting the information that he had cooperated with the police before the members, we will not substitute our judgment for that of the military judge who was present in the courtroom and familiar with the sense of what was happening at the time of the request.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge SULLIVAN concur.