UNITED STATES, Appellee,

v.

Private First Class Mordie J. STORY,
590–16–8104, United States Army,
Appellant.

ACMR 9200236.

U.S. Army Court of Military Review.

26 Aug. 1992.

For Appellant: Captain Michael Huber,
JAGC (on brief).

For Appellee: Lieutenant Colonel Joseph
A. Russelburg, JAGC.

Before NAUGHTON, BAKER, and
JOHNSTON, Appellate Military Judges.

OPINION OF THE COURT

PER CURIAM:

Consistent with his pleas, the appellant
was convicted by a military judge sitting as
a general court-martial of attempted forc-
ible sodomy and forcible sodomy, in viola-
tion of Articles 80 and 125, Uniform Code
of Military Justice, 10 U.S.C. §§ 880 and
925 (1982). He was sentenced to a bad-
conduct discharge, confinement for five
years, forfeiture of all pay and allowances,
and reduction to Private E1. Pursuant to
the terms of a pretrial agreement, the con-
vening authority reduced the period of con-
finement to twelve months and otherwise
approved the adjudged sentence.

■ Although this case was submitted
on its merits, there is one matter that de-
serves discussion. Following arraignment,
the trial defense counsel made the follow-
ing request to the military judge: "Due to
the sensitive nature of the charges, we
would request that the court be closed for
spectators and others in the courtroom dur-
ing providency." Without articulating his
reasons, the military judge instructed all
spectators to withdraw from the court-
room, with the exception of the company
commander and the escorts. In so doing,
the military judge abused his discretion.

■ The right of the public and the
press to attend criminal trials, including
courts-martial, is guaranteed under the
first and fourteenth amendments. *United
States v. Fiske*, 28 M.J. 1013 (A.F.C.M.R.
1989), review denied, 30 M.J. 212 (C.M.A.
1990). As Judge Cox has noted, "... pub-
lic confidence in matters of military justice
would quickly erode if courts-martial were
arbitrarily closed to the public." *United
States v. Travers*, 25 M.J. 61 (C.M.A.1987).
The Manual for Courts–Martial generally
provides that "courts-martial shall be open
to the public." Manual for Courts–Martial,
United States, 1984, Rule for Courts–Mar-
tial 806(a) [hereinafter R.C.M. 806(a) ]. Al-
though a military judge has discretion to
close a session, absent an overriding inter-

est articulated in findings, a court-martial must be open to the public. *See* R.C.M. 806(b), discussion. We conclude that prior to excluding all or portions of the public from viewing a court-martial, the military judge must articulate findings warranting, and limiting as narrowly as possible, the infringement upon the constitutional right of the public to attend courts-martial of the United States. *United States v. Czarnecki*, 10 M.J. 570 at 572 (A.F.C.M.R.1980).

In this case, the anticipated sexually explicit nature of the providence hearing involving charges of forcible sodomy should not have prevailed over the right of the public to attend a court-martial. Thus, we hold that the military judge abused his discretion in closing the court-martial to the public under the circumstances of this case. No relief is warranted, however, as that error did not affect a substantial right of the appellant.

We have also considered the matter personally asserted by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982) and find it to be without merit.

The findings of guilty and the sentence are affirmed.