**UNITED STATES, Appellee,**

v.

**Private E1 Roger C. SHORT, Jr., 413–35–1839, United States Army, Appellant.**

**ACMR 9200772.**

U.S. Army Court of Military Review.

29 Jan. 1993.

For Appellant: Major James M. Heaton, JAGC, Captain Michael E. Smith, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Kenneth T. Grant, JAGC, Captain Steven M. Walters, JAGC (on brief).

Before De GIULIO, BAKER, and WALCZAK, Appellate Military Judges.

OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was found guilty of desertion and carnal knowledge, in violation of Articles 85 and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 885 and 920 (1982). He was sentenced to a dishonorable discharge, confinement for two years, and total forfeitures. In his action the convening authority stated,

> the sentence is approved and will be executed, but the execution of that part of the sentence extending to forfeiture of all pay and allowances is changed to forfeiture of $523.00 pay per month for 18 months and confinement in excess of 18 months is suspended for one year, at which time, unless suspension is sooner vacated, the suspended part of the sentence will be remitted without further action, and except for the part of the sentence extending to a Dishonorable Discharge, will be executed.

■ Appellant asserts, *inter alia,* that his constitutional right to a public trial was denied by the military judge's improper exclusion of appellant's mother-in-law and appellant's three children from the courtroom, without specifically stating the basis for excluding them. We disagree.

At the beginning of the trial, as the trial counsel was presenting his qualifications, the following appears in the record of trial:

> (Several individuals entered the courtroom, including some small children.)
>
> MJ: No ... no, out ... out. This is not a waiting room for babies.
>
> (The individuals withdrew from the courtroom.)

There was no objection by appellant. An affidavit submitted by appellant indicates the individuals were appellant's mother-in-law and his three children. In his testimony during the sentencing proceeding, appellant testified that he had three children, ages two years, eighteen months, and one month.

■ An accused's right to a public trial is a substantial right secured by the Sixth Amendment to the Constitution. *United States v. Grunden,* 2 M.J. 116, 120 (C.M.A. 1977). An accused is entitled to have his friends, relatives, and counsel present. *United States v. Brown,* 7 U.S.C.M.A. 251, 22 C.M.R. 41, 46 (1956). The right is not absolute, however, and certain segments of the public or individuals can be excluded, in the discretion of the military judge. *Estes v. Texas,* 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543, *reh'g denied,* 382 U.S. 875, 86 S.Ct. 18, 15 L.Ed.2d 118 (1965). The trial judge may regulate access to the courtroom to prevent disturbances. *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 581, 100 S.Ct. 2814, 2829, 65 L.Ed.2d 973 (1980). This court has held that, prior to excluding members of the public from viewing a court-martial, the military judge must articulate findings warranting the in-

fringement upon that right. *United States v. Story,* 35 M.J. 677, 678 (A.C.M.R.1992).

Here, it is clear from the record of trial that the military judge intended only to exclude from the courtroom children of very young ages. Although not contained in the record, we believe this Court can recognize that children of a very young age tend to become restless and noisy, particularly in the confines of an area similar to a courtroom. We also note that the military judge's comments clearly indicated that he did not want the children in the courtroom. We do not believe that appellant's mother-in-law was excluded absent the children. His failure to clearly articulate the reasons for exclusion is not sufficient reason to find a constitutional violation under the unique circumstances of this case.[1] *See United States v. Hershey,* 20 M.J. 433, 438 (C.M.A.1985). We hold the military judge did not abuse his discretion and deny appellant of his right to a public trial by excluding very young children from the courtroom.

The remaining assertions of error, to include those personally asserted by appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), are without merit.

■ Although not asserted by appellant as an error, the action by the convening authority is subject to interpretation and will be treated as an ambiguous action. *See United States v. Loft,* 10 M.J. 266, 268 (C.M.A.1981). Where an action is ambiguous it can be returned to the convening authority with instructions to withdraw the original action and substitute a corrected action. Manual For Courts–Martial, United States, 1984, Rule for Courts–Martial 1108(g). We elect, however, to affirm the sentence most favorable to appellant.

The findings of guilty are affirmed. Reassessing the sentence on the basis of

---

1. Our holding in this case should not be taken to condone the method used by the military judge in this case in excluding the children. The interests of military justice would seem to dictate a more courteous approach, particularly when dealing with family members of the accused. In addition, findings should have been articulated, as suggested by *Story.*

the error noted, the entire record, and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), only so much of the sentence is affirmed as provides for a dishonorable discharge, confinement for two years, and forfeiture of $523.00 pay per month for 18 months. Confinement in excess of 18 months is suspended for one year from the date of the action.[2]

Judge BAKER and Judge WALCZAK concur.

---

**2.** This Court has the power to take corrective action with respect to suspended sentences. *United States v. Darville*, 5 M.J. 1, 3 (C.M.A. 1978).