**UNITED STATES, Appellee**

v.

**Roger C. SHORT, Jr., Private U.S. Army, Appellant.**

No. 93–0655.
CMR No. 9200772.

U.S. Court of Military Appeals.

Argued April 7, 1994.

Decided Sept. 29, 1994.

For Appellant: *Captain B. Lewis, III* (argued); *Colonel Malcolm H. Squires, Jr., Lieutenant Colonel James H. Weise, Captain Michael A. Egan, Captain Michael E. Smith* (on brief); *Colonel Stephen D. Smith* and *Major James M. Heaton.*

For Appellee: *Colonel Dayton M. Cramer* (argued); *Major James L. Pohl, Major Kenneth T. Grant, Captain R.W. Clark* (on brief).

*Opinion of the Court*

WISS, Judge:

Appellant was tried by a military judge sitting as a general court-martial at Fort Hood, Texas. Pursuant to his pleas, he was found guilty of one specification each of desertion and carnal knowledge, in violation of Articles 85 and 120, Uniform Code of Military Justice, 10 USC §§ 885 and 920, respectively. Appellant was sentenced to a dishonorable discharge, confinement for 2 years, and total forfeitures. The convening authori-

ty, pursuant to a pretrial agreement, approved the sentence as adjudged but reduced the forfeitures to $523.00 pay per month for 18 months and suspended the confinement in excess of 18 months for 1 year. The Court of Military Review affirmed with some modification of the sentence. 36 MJ 802, 804 (1993). This Court granted review on the following issue:

WHETHER APPELLANT'S CONSTITUTIONAL RIGHT TO A PUBLIC TRIAL WAS DENIED BY THE MILITARY JUDGE'S IMPROPER EXCLUSION OF APPELLANT'S MOTHER–IN–LAW AND THREE CHILDREN FROM THE COURTROOM, WITHOUT SPECIFICALLY STATING ANY BASIS FOR EXCLUDING THEM.

We hold that the military judge did not deny appellant his right to a public trial when he excluded appellant's young and infant children but did not otherwise close the court-martial.

At the beginning of the trial, as trial counsel was presenting his qualifications, appellant's mother-in-law and his three children (ages 30 months, 18 months, and 1 month) entered the courtroom.[1] The record merely states, "(Several individuals entered the courtroom, including some small children.)" The military judge interrupted trial counsel and stated, "No ... no, out ... out. This is not a waiting room for babies." In response, appellant's mother-in-law and his three children then exited the courtroom.

Defense counsel posed no objection to these events at trial. Instead, appellant first asserted denial of his constitutional right to a public trial in his pleadings before the Court of Military Review. That court held, however, that appellant's claim was without merit, and we agree.

■ The Sixth Amendment right to a public trial is applicable to courts-martial. *United States v. Grunden,* 2 MJ 116, 120 and n. 3 (CMA 1977). An accused is entitled to have his friends and relatives present at a court-

martial. *Id.; United States v. Brown,* 7 USCMA 251, 22 CMR 41 (1956). "Opening courts-martial to public scrutiny reduces the chance of arbitrary or capricious decisions and enhances public confidence in the court-martial process." RCM 806(b), Discussion, Manual for Courts–Martial, United States, 1984; *see generally United States v. Travers,* 25 MJ 61 (CMA 1987); *United States v. Brown, supra.*

■ The right to an open and public court-martial is not absolute, however, and a court-martial can be closed to the public or individuals can be excluded in the discretion of the military judge. *See Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980); *Estes v. Texas,* 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1965); *United States v. Grunden, supra;* RCM 806(b). Nonetheless, "the exclusion must be used sparingly with the emphasis always toward a public trial." *United States v. Grunden,* 2 MJ at 120. "Absent an overriding interest articulated in findings, a court-martial must be open to the public." RCM 806(b), Discussion.

Although it is not apparent whether there were other spectators to this court-martial, the record does make clear that the military judge never closed the court and that the trial forum generally was open to the public. "A court-martial is not 'closed' merely because the exclusion of certain individuals results in there being no spectators present, so long as the exclusion is not so broad as to effectively bar everyone who might attend the sessions and is for a proper purpose." RCM 806(b), Discussion.

Thus, the answer to the question posed in the granted issue is that there was no constitutional violation here resulting from an improper closure of this court-martial—quite simply because there was no closure. Accordingly, we need not examine the rules relating to closure and the exceptions that have developed to permit exclusion of the public from a court-martial. *Cf. United*

---

1. These persons were not identified or associated with appellant on the record, although, during the sentencing proceeding, appellant stated that he had three young children. An affidavit filed at the Court of Military Review establishes that the individuals excluded were appellant's relatives.

*States v. Hershey*, 20 MJ 433 (CMA 1985), *cert. denied*, 474 U.S. 1062, 106 S.Ct. 809, 88 L.Ed.2d 784 (1986); and *United States v. Grunden, supra.*

■■■ We are left, then, solely with the decision of the military judge to exclude particular individuals. RCM 806(b) addresses the military judge's authority to control spectators and states in part:

> In order to maintain the dignity and decorum of the proceedings or for other good cause, the military judge may reasonably . . . exclude specific persons from the courtroom. . . .

The legal test is whether the judge had reason to believe that persons are disorderly and may continue to be so. *United States ex rel. Orlando v. Fay*, 350 F.2d 967 (2d Cir. 1965), *cert. denied*, 384 U.S. 1008, 86 S.Ct. 1961, 16 L.Ed.2d 1021 (1966). The judge's decision is reviewed under an abuse of discretion standard. *United States v. Travers*, 25 MJ 61 (CMA 1987); *United States v. Eisner*, 533 F.2d 987, 994 (6th Cir.), *cert. denied*, 429 U.S. 919, 97 S.Ct. 314, 50 L.Ed.2d 286 (1976); *United States ex rel. Lloyd v. Vincent*, 520 F.2d 1272, 1275 (2d Cir.), *cert. denied*, 423 U.S. 937, 96 S.Ct. 296, 46 L.Ed.2d 269 (1975).

■ The judge's comment ordering the spectators out of the courtroom, "This is not a waiting room for babies[,]" indicates that he intended only to exclude from the courtroom the young children, including two infants. There is nothing to indicate that appellant's mother-in-law was excluded, though we recognize that, as a practical matter, the judge's exclusion of the children would lead her to decide to leave, as well.

Prevention of noise may justify limiting access to the courtroom. RCM 806(b). As the Court of Military Review observed, young children can "become restless and noisy" in a confined setting such as a courtroom. 36 MJ at 803. Although the transcript does not affirmatively reflect it, the conduct and demeanor of these very young children may well have given the military judge reason to believe that their continued presence may be disruptive. A timely defense objection might have revealed the lack of such reason, if that had been the case, but, unfortunately, there was no such objection here.

The appellate burden is on appellant, as the party challenging the trial ruling, to show that the military judge abused his discretion in excluding the children. *See generally United States v. Travers*, 25 MJ at 63 (where record contains nothing to support either side of a defense motion to close the trial, military judge's ruling sustained). On this record we cannot find such an abuse; to do so would simply amount to improperly "substitut[ing] our judgment for that of the military judge who was present in the courtroom and familiar with the sense of what was happening at the time. . . ." *See United States v. Travers, supra* at 63 (where there was "nothing in the record to demonstrate what motivated the military judge" to deny accused's request to close the trial, this Court declined to substitute its judgment for military judge's by finding abuse of discretion).

■ By our decision here, however, we do not mean to condone the manner in which this military judge handled this situation. In addition to noting his less than courteous approach, we note as well that the military judge failed to assure that the record of trial adequately reflected events in his courtroom—events that led to a significant judicial ruling.

In order to ensure that the record is adequately developed in any similar situation in the future so as to permit informed judicial review, we now make clear that, before a military judge excludes spectators upon objection or appropriate motion of any interested party for some reason such as disruption, the military judge must articulate certain findings on the record.[2] Those findings must reflect the reason for the exclusion, the basis

---

2. In most instances, exclusion of the public or of certain spectators will be at the motion of a party so that this requirement that a full record be made by the military judge will occur as a nor-

mal consequence of trial litigation of the motion. *See generally* RCM 905(d), Manual for Courts–Martial, United States, 1984 ("Where factual issues are involved in determining a motion, the

for the military judge's belief that exclusion is the necessary remedy, and that the exclusion ordered is as tailored and restricted as possible. *See United States v. Story*, 35 MJ 677 (ACMR 1992). *See also United States v. Hershey, supra*; RCM 806(b).

military judge shall state the essential findings on the record."). We do not decide here the question of waiver of appellate complaint where there is no objection to the military judge's exclusion; that issue is reserved for another day.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges COX, CRAWFORD, and GIERKE concur.