**UNITED STATES, Appellee,**

v.

**Specialist Vernon R. SCOTT, Jr., United States Army, Appellant.**

**ARMY 9601958.**

U.S. Army Court of Criminal Appeals.

5 May 1998.

---

For Appellant: Captain John M. Head, JA; Captain Mark A. Bridges, JA.

For Appellee: Pursuant to A.C.C.A. Rule 15.2, no response filed.

Before GORDON, Senior Judge, JOHNSTON and ECKER, Appellate Military Judges.

## OPINION OF THE COURT

JOHNSTON, Judge:

Pursuant to his pleas, the appellant was convicted by a military judge sitting as a general court-martial of attempted murder and carnal knowledge in violation of Articles 80 and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 920 (1988)[hereinafter UCMJ]. He was sentenced to a dishonorable discharge, confinement for fifteen years, forfeiture of all pay and allowances, and reduction to Private E1. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence to confinement as provided for confinement for six years, and otherwise approved the adjudged sentence.

The case is before us for appellate review under the provisions of Article 66, UCMJ. The case was submitted to this court "upon its merits," without assertion of error. One aspect of the case, however, deserves discussion. After examining the record, we have concluded that the military judge abused his discretion by ordering that the *entire* stipulation of fact be sealed in the record of trial. The appellant, however, suffered no prejudice from this error and is entitled to no relief. *See* UCMJ art. 59(a). We will correct the military judge's error by setting aside the order to seal the stipulation of fact.

### Factual Background

The appellant, a twenty-five-year old single soldier, met and subsequently had sexual relations, on numerous occasions, with a fifteen-year-old high school student, J. Al-

though he was charged with rape, the appellant pleaded guilty to carnal knowledge with J. Prosecution Exhibit 1, the stipulation of fact, described the offense and other incidents in vivid detail. Many of these acts apparently were consensual, while others were not.

The appellant also plead guilty to attempted murder. The stipulation of fact contained extensive and detailed information about the attempted murder charge. This portion of the stipulation of fact consisted of three single-spaced typewritten pages of text concerning an incident that culminated when the appellant, without provocation, stabbed another soldier in the back and fled.

During the court-martial, the military judge examined the appellant under oath about the factual basis for his pleas. The appellant agreed that Prosecution Exhibit 1, the stipulation of fact, accurately set forth all the facts and circumstances of the offenses to which he plead guilty. The colloquy with the military judge, set forth in verbatim on the court-martial record, provided an adequate factual predicate for the pleas. The stipulation of fact, on the other hand, provides additional and extensive details about the attempted murder charge. The stipulation also portrays the appellant as a violent, aggressive, and remorseless attacker who poses a continuing danger to society.

After the court-martial proceedings were completed but before authentication of the record of trial, the military judge ordered that Prosecution Exhibit 1, the stipulation of fact used during the guilty plea inquiry, be sealed from the view of those other than the parties, appellate counsel, and appellate authorities. Rather than clearly articulating his reasons for sealing the entire stipulation of fact, the military judge merely wrote that the "basis for said order is the apparent and significant privacy interests of persons referred to therein."

### Issues

The issue evident to us in our review of the record concerns the discretionary decision by the trial judge to seal from public view a stipulation of fact that sets forth the factual basis for the guilty plea and contains other material matters that relate to sentence appropriateness. While not raised by appellant, this issue bears directly on the trial procedures to be utilized by a military judge in presiding over a court-martial.

█ It is clear that the general public has a qualified constitutional right under the First Amendment to access to criminal trials. *See Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980).[1] This right of public access to criminal trials applies with equal validity to trials by courts-martial. *United States v. Hershey,* 20 M.J. 433 (C.M.A.1985); *United States v. Grunden,* 2 M.J. 116 (C.M.A.1977). The Manual for Courts–Martial generally provides that "courts-martial shall be open to the public." Rule for Courts–Martial 806(a)[hereinafter R.C.M.]. Opening courts-martial to public scrutiny "reduces the chance of arbitrary or capricious decisions and enhances public confidence in the court-martial process." R.C.M. 806(b) discussion.

█ "[P]ublic confidence in matters of military justice would quickly erode if courts-martial were arbitrarily closed to the public." *United States v. Travers,* 25 M.J. 61, 62 (C.M.A.1987). Although criminal trials, including courts-martial, generally are to be open rather than closed, the public may be barred from the courtroom if an "overriding interest" justifies closure. *See Press–Enterprise Co. v. Superior Court of California,* 464 U.S. 501, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984). As the Supreme Court stated in that case:

> The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can

---

1. This implicit right of the press and general public under the First and Fourteenth Amendments is separate and distinct from the explicit Sixth Amendment right of an accused to a public trial.

determine whether the closure order was properly entered.[2]

*Id.* at 510, 104 S.Ct. at 824.

■ The Supreme Court also has recognized that the general public has a qualified constitutional right of access to materials entered into evidence in federal criminal trials. *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). This qualified right of access to materials entered into evidence may apply with equal validity to exhibits that were presented in public at a trial by court-martial. *See* Russell G. Donaldson, Annotation, *Propriety and Scope of Protective Order Against Disclosure of Material Already Entered into Evidence in Federal Court Trial,* 138 A.L.R. FED. 153 (1997).

■ The abuse of discretion standard generally applies to reviewing trial judge decisions on the issue of public access.[3] A similar standard of review applies to actions concerning protective orders. *See, e.g.,* R.C.M. 701(g)(2); *United States v. Branoff,* 38 M.J. 98 (C.M.A.1993). This standard is a strict one that does not imply an improper motive, willful purpose, or intentional wrong on the part of the judge. In order to be reversed on appeal based on the abuse of discretion standard, the challenged action must be found to be " 'arbitrary, fanciful, clearly unreasonable,' or 'clearly erroneous.' " *United States v. Yoakum,* 8 M.J. 763, 768 (A.C.M.R.1980)(quoting *United States v. Glenn,* 473 F.2d 191, 196 (D.C.Cir.1972)). The standard can be met when the judge was controlled "by some error of law or where the order, based upon factual, as distinguished from legal, conclusions, is without evidentiary support." *Travers,* 25 M.J. at 63

(quoting *Renney v. Dobbs House, Inc.,* 275 S.C. 562, 274 S.E.2d 290, 291 (1981) and *Stewart v. Floyd,* 274 S.C. 437, 265 S.E.2d 254, 255 (1980)).

■ The military judge presiding over this court-martial made no findings supporting his conclusion that several persons had privacy interests that were paramount. Indeed, the callous nature of the acts and appellant's blatant disregard for the victims and the law are evident only in the stipulation of fact. These matters relate directly to culpability and the apparent lack of rehabilitative potential. As such, they should be evident in the public record concerning this particular court-martial.

The military judge sealed the entire stipulation on the basis of an unsupported conclusion rather than on the basis of an overriding interest that is likely to be prejudiced if the exhibit is not sealed. None of the parties at trial requested that the stipulation of fact and its multiple enclosures be sealed from public view. The stipulation of fact had been negotiated by the parties pursuant to the pretrial agreement. The parties agreed that the facts contained in the stipulation were true. The appellant voluntarily entered into the stipulation of fact because he believed it to be in his best interest to do so.

The military judge did not conduct an Article 39(a), UCMJ, session on the record to discuss the issue and his concerns. It is not evident from this record whether the military judge considered reasonable alternatives to sealing the stipulation of fact. If his concerns about privacy interests were valid, then he may have been able to persuade the parties to agree to striking information from the

---

**2.** The same standard applies to courts-martial, and the military judge has discretion to determine whether an "overriding interest" justifies closure. Prior to closure, however, the military judge must apply the following stringent test:

    (1) the party seeking closure must advance an overriding interest that is likely to be prejudiced;

    (2) the closure must be narrowly tailored to protect that interest;

    (3) the trial court must consider reasonable alternatives to closure; and,

    (4) [the trial court] must make adequate findings supporting the closure to aid in review.

*Hershey,* 20 M.J. at 436.

**3.** We need not decide in this case whether or to what extent the public has a qualified right of access to the record of trial for a court-martial. Our concern is only that the record and exhibits appended thereto are not improperly burdened by overly restrictive protective orders issued by a trial judge. Thus, we focus on the procedures a military judge must use before issuing a protective order concerning a prosecution exhibit admitted during a public hearing.

stipulation that he deemed objectionable or lacking relevance. Finally, the military judge did not make adequate findings supporting the sealing of the exhibit to aid in our review of the issue.

We can discern no basis evident in the record of trial that would justify sealing the stipulation of fact. Consequently, we are left with no other conclusion to draw but that the military judge abused his discretion in sealing the entire stipulation of fact.[4]

Although we have concluded that the military judge abused his discretion in sealing the entire stipulation of fact, this error affecting the public interest in no way harmed the substantial rights of the appellant. We will not disturb the findings or sentence under these circumstances. UCMJ art. 59(a).

The findings of guilty and the sentence are affirmed. The order sealing the stipulation of fact is vacated as indicated in the Appendix.

Senior Judge GORDON and Judge ECKER concur.

### APPENDIX

### ORDER

WHEREAS the military judge ordered the government to cause to be sealed, from the view of those other than the parties and or appellate counsel and appellate authorities, that portion of the record of trial in *United States v. Scott*, ARMY 9601958, consisting of Prosecution Exhibit 1, Stipulation of Fact (with seven enclosures); and,

WHEREAS the purported basis for the order was "the apparent and significant pri-

vacy interests of persons referred to" in the Stipulation of Fact; and,

WHEREAS there is no support in the record for the military judge's *post hoc* assertion; and,

WHEREAS the military judge ordered the entire Stipulation of Fact sealed without establishing on the record the overriding interest that was likely to be prejudiced by access of the public and the press to the entire Stipulation of Fact; and,

WHEREAS the military judge failed to demonstrate on the record that he considered reasonable alternatives to sealing the entire Stipulation of Fact; and,

WHEREAS the military judge failed to narrowly tailor the order sealing the entire Stipulation of Fact to protect the purported privacy interests involved; and,

WHEREAS the military judge failed to make adequate findings supporting the order in order to aid our review of the issue;

NOW THEREFORE IT IS ORDERED:

That the undated order of the military judge sealing the entire Stipulation of Fact be vacated.

That a copy of this order be placed in the record of trial immediately following the original order by the military judge.

---

4. Rather than narrowly tailoring the order to seal those portions of the stipulation of fact that may have affected the young girl's privacy interests, the military judge sealed the entire six-page stipulation of fact and seven enclosures. Even if he had attempted to seal only those portions of the stipulation that dealt with her conduct, there is "a certain amount of mortification imposed on victim-witnesses in sex cases, but that is a condition which cannot be eliminated from our judicial system." *United States v. Brown*, 7 U.S.C.M.A. 251, 259, 22 C.M.R. 41, 49, 1956 WL 4733. Indeed, we have previously determined that the sexually explicit nature of a providence hearing involving charges of forcible sodomy should not have prevailed over the right of the public to attend a court-martial. *See United States v. Story*, 35 M.J. 677 (A.C.M.R.1992).