SULLIVAN, Judge
(concurring in the result):
Sentence appropriateness determinations are matters for the Courts of Criminal Appeals. See United States v. Durant, 55 MJ 258 (2001) (Sullivan, J., concurring). Moreover, if those appellate courts make errors of law in their sentence appropriateness determinations, we are still not allowed to decide this important question in their stead. See United States v. Brock, 46 MJ 11, 13 (1997). We can, however, decide whether an error of law by a Court of Criminal Appeals materially prejudiced its sentence appropriateness determination. See Article 59(a), Uniform Code of Military Justice, 10 USC § 859(a).
The appellate court below stated that “[sjentence comparison is appropriate only in those rare instances of highly disparate sentences in closely related cases. United *269 States v. Lacy, 50 MJ 286, 288 (1999); United States v. Olinger, 12 MJ 458, 460 (CMA 1982).” (Emphasis added.) This was an erroneous statement of the law (see United States v. Sothen, 54 MJ 294, 296 (2001)) and constituted an abuse of the lower court’s discretion. See United States v. Travers, 25 MJ 61, 68 (CMA 1987).
Nevertheless, T conclude that such error was harmless, i.e., it did not materially prejudice the lower appellate court’s sentence appropriateness determination. See Article 59(a), UCMJ, 10 USC § 859(a). In concluding that appellant’s and Private Rice’s sentences were not highly disparate, the appellate court below did compare the court-martial sentences in these two cases. It said: “Assuming arguendo that the cases of the appellant and PVT Rice are closely related, ... [w]e do not find that the appellant’s sentence exceeded relative uniformity.” Unpub. op. at 3. It also said: "... and the fact that PVT Rice received less punishment does not render the appellant’s sentence a miscarriage of justice.” Id. at 4. Accordingly, in my view, the erroneous statement of law by the appellate court below generally questioning the propriety of such a sentence comparison did not materially prejudice the lower appellate court’s sentence appropriateness determination in this case. See United States v. Durant, supra