# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## William E. DATZ
## Gunners Mate Second Class (E-5), U.S. Coast Guard

## CGCMG 0172

## Docket No. 001-69-01

## 6 August 2003

General Court-Martial convened by Commander, U.S. Coast Guard Pacific Area. Tried at Alameda, California, 29-30 March 2000 and 9-20 May 2000.

| | |
|---|---|
| Military Judge: | CAPT Robert W. Bruce, USCG |
| Trial Counsel: | LTJG Colleen M. O'Brien, USCGR |
| Assistant Trial Counsel: | LTJG Rachel B. Bralliar, USCGR |
| Assistant Trial Counsel: | LT Daniel C. Kelleher, USCG |
| Detailed Defense Counsel: | LT Deval R. K. Zaveri, JAGC, USNR |
| Assistant Defense Counsel: | LCDR Brent G. Filbert, JAGC, USNR |
| Appellate Defense Counsel: | CDR Jeffrey C. Good, USCG[1] |
| | LCDR Nancy J. Truax, USCG[2] |
| Appellate Government Counsel: | LCDR Daniel J. Goettle, USCG |

## BEFORE
## PANEL TWO
## BAUM, KANTOR, & PALMER
### Appellate Military Judges

BAUM, Chief Judge:

Appellant was tried by a general court-martial composed of officer and enlisted members. Contrary to his pleas of not guilty, he was convicted of the following offenses: one specification of striking a Petty Officer and one specification of treating a Petty Officer with contempt in violation of Article 91, Uniform Code of Military Justice (UCMJ); three specifications of dereliction of duty and one specification of violating a lawful general regulation in violation of Article 92, UCMJ; one specification of rape in violation of Article 120, UCMJ; and one

---

[1] CDR Good briefed and orally argued the case before this Court.
[2] On 9 July 2003, this Court granted CDR Good's motion to withdraw as Appellate Defense Counsel and acknowledged the appearance of LCDR Truax as the new detailed Appellate Defense Counsel. The fact that LCDR Truax was a deposition officer in this case is not seen as disqualifying.

specification of unlawful entry in violation of Article 134, UCMJ. The members sentenced Appellant to reduction to pay grade E-3 and confinement for three months. The convening authority approved the sentence as adjudged, and the Acting Judge Advocate General of the Coast Guard referred the record to this Court pursuant to Article 69(d), UCMJ.

Appellant has assigned fourteen errors before this Court.[3] Ten assignments were not orally argued and they are summarily rejected. Assignments I, III, IV, and XI were orally argued on 12 December 2002 and are also rejected, but will be briefly discussed.

## Assignment of Error I

Appellant asserts in his first assignment of error that the military judge erred in suppressing constitutionally required evidence essential to the presentation of Appellant's defense of rape. The evidence in question related to other sexual behavior by the alleged victim, which the military judge ruled inadmissible based on Military Rule of Evidence (MRE) 412(a)(1). That evidentiary rule provides that "Evidence offered to prove that any alleged victim engaged in other sexual behavior" is not admissible in any proceeding involving alleged sexual misconduct. An exception to the rule is "evidence the exclusion of which would violate the

---

[3]

I. THE MILITARY JUDGE ERRED IN SUPPRESSING CONSTITUTIONALLY REQUIRED EVIDENCE ESSENTIAL TO THE PRESENTATION OF APPELLANT'S DEFENSE.

II. APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL DEFENSE COUNSEL FAILED TO CALL AN EXPERT WITNESS WHO WOULD HAVE TESTIFIED THAT IT IS UNLIKELY FOR A VICTIM TO FAIL TO RESIST A SEXUAL ASSAULT BECAUSE OF PRIOR MOLESTATION, YET BE SIMULTANEOUSLY PROMISCUOUS.

III. THE EVIDENCE IS NOT LEGALLY SUFFICIENT TO SUSTAIN CHARGE IV (RAPE).

IV. THE MILITARY JUDGE ERRED BY ADMITTING TESTIMONY OF SUPPOSEDLY INCRIMINATING "HEAD NODS," WHICH OCCURRED DURING THE COURSE OF A LENGTHY INTERROGATION, WHERE THE INTERROGATOR COULDN'T EVEN REMEMBER WHAT QUESTIONS HE ASKED TO ELICIT THE RESPONSES.

V. THE EVIDENCE IS NOT LEGALLY SUFFICIENT TO SUSTAIN SPECIFICATION 1 UNDER CHARGE VI (BURGLARY).

VI. THE MILITARY JUDGE ERRED BY FAILING TO GIVE A REQUESTED MISTAKE OF FACT INSTRUCTION TO SPECIFICATION 1 UNDER CHARGE VI (BURGLARY).

VII. THE MILITARY JUDGE ERRED BY FAILING TO GIVE REQUESTED MISTAKE OF FACT INSTRUCTION TO SPECIFICATION 2 UNDER CHARGE VI (BURGLARY).

VIII. THE EVIDENCE IS NOT LEGALLY SUFFICIENT TO SUSTAIN CHARGE I AND THE SPECIFICATIONS THEREUNDER.

IX. THE MILITARY JUDGE ERRED IN FAILING TO, SUA SPONTE, INSTRUCT THE MEMBERS ON THE DEFENSE OF MISTAKE OF FACT AS TO CONSENT WITH REGARD TO SPECIFICATION 1 UNDER CHARGE I, STRIKING A PETTY OFFICER IN THE EXECUTION OF OFFICE.

X. THE FINDING OF GUILTY TO CHARGE II AND THE SPECIFICATION THEREUNDER IS NOT LEGALLY SUFFICIENT BECAUSE THE VICTIM WAS NOT OFFENDED NOR DID SHE FEEL HARASSED.

XI. APPELLANT'S CONVICTIONS FOR DERELICTION OF DUTY FOR VIOLATING THE COAST GUARD EQUAL EMPLOYMENT OPPORTUNITY MANUAL MUST BE SET ASIDE BECAUSE THE MANUAL IS UNCONSTITUTIONALLY VAGUE AND OVERBROAD.

XII. (WITHDRAWN)

XIII. APPELLANT WAS MATERIALLY PREJUDICED BY TRIAL COUNSEL'S WILLFUL AND UNREASONABLE REFUSAL TO ALLOW DEFENSE COUNSEL TO REVIEW THE COMPLETE RECORD OF TRIAL EITHER BEFORE OR AFTER AUTHENTICATION.

XIV. THE CUMULATIVE EFFECT OF THE MULTIPLE ERRORS REQUIRES REVERSAL.

XV. APPELLANT CANNOT BE CONVICTED OF DERELICTION OF DUTY FOR COMMITTING AFFIRMATIVE ACTS BEYOND THE SCOPE OF HIS DUTIES.

Assignment of Errors and Br., dated 14 January 2002 and Supplemental Assignment of Error, dated 19 April 2002.

constitutional rights of the accused." MRE 412(b)(1)(c). Citing *United States v. Carter,* 47 M.J. 395, 396 (C.A.A.F. 1998), Appellant contends that relevance is the key factor in determining whether evidence is constitutionally required to be admitted. He also cites U.S. Supreme Court decisions, which have found certain kinds of evidence to be relevant and constitutionally required. *Olden v. Kentucky*, 488 U.S. 227, 232 (1988) (evidence with a "strong potential to demonstrate the falsity" of a witness' testimony); *Delaware v. Van Arsdall*, 475 U.S. 673, 677 (1986) (evidence which included facts "central to assessing" the reliability of a witness); *Davis v. Alaska*, 415 U.S. 308, 319 (1974) (evidence which carries a "real possibility" of "serious damage" to the prosecution case).

The evidence Appellant sought to introduce as constitutionally required under MRE 412(b)(1)(c ) related to the victim's sexual behavior with another Coast Guardsman, which, according to Appellant, would have helped explain to the court members why the victim might have made a false claim of rape in order to gain sympathy and advance a relationship with that other individual. The military judge, in ruling that this evidence was inadmissible under MRE 412, found that Appellant's theory for admitting the proffered evidence was speculative and not commonly understood. This rationale for excluding the evidence is consistent with the holding in *United States v. Pagel*, 45 M.J. 64, 70 (C.A.A.F. 1996), which Appellant has noted as one of the opinions of the U.S. Court of Appeals for the Armed Forces upholding exclusion. In *Pagel*, the Court determined that the challenged evidence was inadmissible because it was "too speculative and thus not relevant." *Pagel,* 45 M.J. at 70.

Normally, under Article 66, UCMJ, we would be able to make an independent assessment of the facts supporting the judge's determination as part of a *de novo* review of his evidentiary ruling. *United States v. Olean*, 56 M.J. 594, 598-99 (C.G. Ct. Crim. App. 2001). However, since this record of trial was referred to the Court pursuant to Article 69, UCMJ, not Article 66, UCMJ, we may take action only with respect to matters of law under the terms of Article 69(e). Accordingly, we are limited to reviewing the judge's ruling for abuse of discretion, *United States v. Taylor*, 53 M.J. 195 (C.A.A.F. 2000), rather than exercising the broad review power granted this Court by Article 66, UCMJ. As noted by Appellant, in order to find abuse of discretion, the judge's ruling must be deemed "arbitrary, fanciful, clearly unreasonable," or "clearly erroneous." *Taylor,* 53 M.J. at 199; *United States v. Travers*, 25 M.J. 61, 62 (C.M.A. 1987). Applying that standard, we cannot say that the military judge abused his discretion when he held the evidence in question inadmissible under MRE 412 as being speculative and not commonly understood. Assignment of Error I is, therefore, rejected.

### Assignment of Error III

In Assignment of Error III, Appellant asserts that the evidence is not legally sufficient to sustain the finding of guilty of rape under Charge IV. Again, in conducting this review under Article 69, UCMJ, we are not authorized to make a factual assessment of the evidence. Our review is limited, instead, to a determination of the legal sufficiency of the evidence.[4] As

---

[4] If we were evaluating the evidence for factual sufficiency under the terms of Article 66, UCMJ, we would have to weigh the evidence and it would have to convince us of Appellant's guilt beyond a reasonable doubt. *United States v. Turner*, 25 M.J 324, 325 (C.M.A. 1987). Upon Application of that standard, the Court might very well have set aside the finding of guilty.

Appellant points out, the test for legal sufficiency requires the Court to review the evidence in a light most favorable to the Government, and, in so doing, if we conclude that any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt, the evidence is legally sufficient. Appellant argues that the essential elements of force and lack of consent have not been proven. However, after considering the evidence in a light most favorable to the Government, we are convinced that a rational trier of fact could have found the requisite elements proven beyond a reasonable doubt. The victim testified that she had told Appellant on a number of occasions that she did not want to have sex with him and on the night in question she again made it known verbally that she did not consent to sexual intercourse. Nevertheless, according to her testimony, he moved her leg against her will in order to penetrate her vagina. As in *United States v. Cauley*, 45 M.J. 353 (C.A.A.F. 1996) the fact finder had sufficient evidence to conclude beyond a reasonable doubt that force was used and that lack of consent existed in this case. Accordingly, Assignment of Error III is rejected.

## Assignment of Error IV

Appellant asserts in his fourth assignment of error that the military judge erred by admitting testimony from a Coast Guard Criminal Investigative Service Agent that, during a lengthy interrogation, Appellant responded to certain questions of the agent with incriminating head nods. Since the agent, during *voir dire* examination, could not remember exactly how he worded each question, Appellant contends that the meaning of the head nods was so ambiguous that the potential for confusion and prejudicial effect substantially outweighed the probative value of the head nods. For this reason, Appellant asserts that the evidence should have been excluded pursuant to MRE 403, although he acknowledges that the agent's testimony before the members was much more certain than it had been during *voir dire*. The military judge, in ruling that he would allow the investigative service agent to testify concerning Appellant's head nods, determined that, for purposes of MRE 403, there was enough evidence for the members to conclude that Appellant made the claimed admissions, and, as such it would have strong probative value warranting its consideration. The judge saw it as a matter for the members to weigh, and, if they were persuaded by the defense to give little or no value to the evidence, then there would be no prejudice to Appellant. The military judge did not abuse his discretion in so ruling. Accordingly, Assignment of Error IV is rejected

## Assignment of Error XI

In Assignment of Error XI, Appellant challenges three findings of guilty of dereliction of duty through failure to obey the Coast Guard Equal Employment Opportunity (EEO) Manual's Sexual Harassment Prevention Program. Appellant contends that the findings of guilty should be set aside because the EEO Manual is vague and overbroad in failing to define "unwelcome" conduct. Without the old definition of unwelcome, which included a requirement that all prohibited conduct must be both subjectively objectionable to a person confronted by the conduct and objectively objectionable to a reasonable person, Appellant contends that confusion has been created. According to Appellant, the only requirement now is that the conduct must be offensive to a reasonable person, which, he contends, can result in criminalizing conduct not offensive to anyone present at the time of the purported conduct. That is what has happened in the instant case, according to Appellant.

The evidence establishes that Appellant repeatedly made unwanted requests that a female seaman go on a date with him, and at other times said "lets go fuck" to two different female seamen, in addition to calling one of these women a "sexy bitch." Since these women all testified that they never complained about Appellant's conduct and never told him to stop saying these things, Appellant contends that the conduct should not be considered an offense simply because it might be objectionable to a reasonable person. Because the EEO Manual allows such prosecutions, Appellant submits that it is unconstitutionally vague and overbroad. We disagree. We do not believe that the EEO Manual has been rendered vague and overbroad by deletion of a requirement that someone, who was present, subjectively find the conduct objectionable, as long as the conduct can be seen as objectively offensive to a reasonable person. We have determined that Appellant's conduct was such that it would be objectively offensive to a reasonable person, and that the EEO Manual put Appellant on notice that this kind of conduct was not permitted. Assignment of Error XI is rejected.

**Decision**

In light of the foregoing, and after reviewing the record in accordance with Article 69, UCMJ, we have determined that the findings and sentence are correct in law, and on the basis of the entire record are affirmed.

Judges KANTOR and PALMER concur.



For the Court,


Roy Shannon Jr.
Clerk of the Court