ERDMANN, Judge
(concurring in part and dissenting in part):
I concur in the resolution of Issues I and II regarding Staff Sergeant Rhodes’s Sixth Amendment rights and the admissibility of Senior Airman Daugherty’s statement under Military Rule of Evidence (M.R.E.) 804(b)(3). I write separately because I cannot agree that the military judge abused his discretion by admitting evidence of Rhodes’s uncharged misconduct.
The majority correctly asserts that evidence of uncharged misconduct must be evaluated using the three-part test set out in United States v. Reynolds, 29 M.J. 105, 109 (C.M.A.1989):
1. Does the evidence reasonably support a finding that appellant committed pri- or crimes, wrongs or acts?
2. What “fact of consequence” is made more or less probable by the existence of the evidence?
3. Is the probative value of the evidence substantially outweighed by the danger of unfair prejudice?
Here, there was circumstantial evidence that Rhodes may have played a role in Daugherty’s convenient memory loss. At first, Daugherty remembered Rhodes buying and taking drugs. Later, following a personal visit from Rhodes, Daugherty told defense counsel that he could no longer remember whether or not Rhodes had been involved. Presented with this evidence, reasonable members could certainly conclude that Rhodes had influenced Daugherty’s forgetfulness.
Next, to the extent that the members believed that Rhodes influenced Daugherty to forget what he had written in his confession to the Office of Special Investigations, that evidence makes it more probable that Rhodes was guilty and was trying to cover up his misdeeds. The majority relies on Taylor v. Baltimore & Ohio R.R. Co., 344 F.2d 281 (2d Cir.1965), for the proposition that this evidence was too speculative to support an inference of wrongdoing. In Taylor, a witness provided a written statement prior to trial that he had seen a particular accident. At trial, however, he testified that “I heard something, that’s all.” Id. at 283. The case did not involve a complete memory loss of the event and there was no evidence that a party to the lawsuit met with the witness immediately prior to the memory loss.
Ultimately, the admissibility of evidence concerning Rhodes’s visit to Daugherty’s barracks room comes down to the balancing test set out in M.R.E. 403 — is the evidence substantially more prejudicial than probative? The question here is not whether or not this court views the potential prejudice to Rhodes as substantially outweighing the probative value of the evidence. The question is whether the military judge’s conclusion that the evidence would not unduly inflame the passions of the members or cloud their judgment was arbitrary, fanciful, clearly unreasonable, clearly untenable or clearly erroneous. See United States v. Williams, 37 M.J. 352, 356 (C.M.A.1993); United States v. Travers, 25 M.J. 61, 62 (C.M.A.1987).
This court has previously held that, “[a] military judge abuses his discretion when his findings of fact are clearly erroneous, when he is incorrect about the applicable law, or when he improperly applies the law.” United States v. Roberts, 59 M.J. 323, 326 (C.A.A.F.2004). There are no findings of fact at issue here and there is no dispute that the military judge used the correct legal test. It is his application of the law to the facts and his conclusion that the majority questions. But as this court has previously explained, “To reverse for ‘an abuse of discretion involves far more than a difference in ... opinion Travers, 25 M.J. at 63 (quoting United States v. Yoakum, 8 M.J. 763 (A.C.M.R.1980), aff'd on other grounds, 9 M.J. 417 (C.M.A.1980) (internal citation omitted)).
*459 As Rhodes presented no evidence that the military judge acted arbitrarily or reached a clearly untenable conclusion, I conclude that the military judge’s decision fell within the realm of his considerable discretion. Accordingly, I would affirm the decision of the United States Air Force Court of Criminal Appeals.