# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CELTNIEKS, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellant**
**v.**
**Sergeant ROBERT B. BERGDAHL**
**United States Army, Appellee**

ARMY MISC 20160118

Headquarters, U.S. Army Forces Command
Christopher T. Fredrikson, Military Judge (arraignment)
Jeffery R. Nance, Military Judge (motions hearing)
Colonel Vanessa A. Berry, Staff Judge Advocate

For Appellee: Captain Mathew D. Bernstein, JA (argued); Lieutenant Colonel Jonathan F. Potter, JA; Lieutenant Colonel Franklin D. Rosenblatt, JA; Captain Nina S. Banks, JA; Captain Mathew D. Bernstein, JA; Eugene R. Fidell, Esquire (on brief).

For Appellant: Captain Jihan Walker, JA (argued); Colonel Mark H. Sydenham, JA; Captain Jihan Walker, JA; Captain Carling M. Dunham, JA (on brief).

28 April 2016

---
MEMORANDUM OPINION AND ACTION ON APPEAL
BY THE UNITED STATES FILED PURSUANT TO
ARTICLE 62, UNIFORM CODE OF MILITARY JUSTICE
---

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

TOZZI, Senior Judge:

Appellee is charged with one specification of desertion and one specification of misbehavior before the enemy in violation of Articles 85 and 99, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 885 and 899 (2012).

The military judge issued a Protective Order for Classified Information [hereinafter Protective Order] (14 January 2016). Following that order, the government filed a request for clarification based on the parties' dispute whether

Original Classification Authority (OCA)[1] approval was required for defense access to classified information.  The defense also filed a motion for an "Order Concerning Defense's Access to Classified Evidence in Possession of Trial Counsel."  On 2 February 2016, the military judge issued a ruling and order in response to these motions.  (Ruling and Order: Defense Access to Classified Information [hereinafter Access Order] (2 February 2016)).

On 5 February 2016, the government filed notice of appeal of the military judge's ruling and order pursuant to Rule for Courts-Martial [hereinafter R.C.M.] 908(a).  On 9 February 2016, this court granted the government's Writ of Prohibition and ordered a Stay of the Proceedings, pending disposition by this court of the pending appeal pursuant to Article 62, UCMJ.

This case is before this court pursuant to a government appeal of the military judge's ruling in accordance with Article 62, UCMJ, and R.C.M. 908(a).  The government asserts "the military judge erred by issuing a protective order and final ruling that directs the unauthorized disclosure of classified information and grants defense unfettered access to classified information."  We disagree with the government's interpretation and find that the military judge's Access Order is in compliance with Military Rule of Evidence [hereinafter Mil. R. Evid.] 505 and Executive Order 13,526, Classified National Security Information, 3 C.F.R. 13,526 [hereinafter EO 13526] (29 Dec. 2009).

## BACKGROUND

In the Access Order, the military judge ordered the following:

> 8.  All [classified information] which the government may offer into evidence at trial will be immediately provided to the defense within the constraints of the 14 January [Protective Order].  This is a continuing duty.  Thus, upon government determination that new [classified information] may be offered into evidence at trial, trial counsel will notify defense counsel within 24 hours and allow defense to access said [classified information] within the terms of the [Protective Order].

> 9.  Trial counsel will, upon receipt of this order, immediately provide defense counsel access to all

---

[1] An OCA is defined as "an individual authorized in writing, either by the President, the Vice President, or by agency heads or other officials designated by the President, to classify information in the first instance."  EO 13526, para. 6.1.(gg).

[classified information] in possession of trial counsel, for which the government does not intend to assert the privilege. Defense counsel access to this [classified information] *will only be made in compliance with the terms of the [Protective Order]*. The requirements for appropriate security clearances and involvement of the defense security officer, still apply. This is a continuing requirement.

10. No later than 29 February 2016, trial counsel will provide a MRE 505(h)(1)(A) declaration to the court and defense counsel (unless *in camera* review is requested in accordance with MRE 505(h)(1)(B)) detailing all documents in possession of the trial counsel, for which trial counsel asserts the privilege. In compiling this declaration, the court reminds the government to consider and apply alternatives to full disclosure as outlined in MRE 505(h)(2)(A). This is a continuing requirement.

11. Trial counsel will take no action to prevent or interfere with defense counsel access to [classified information] through their own efforts to investigate and prepare for trial. Defense counsel will ensure that they comply with all applicable [Protective Orders, Executive Orders], Regulations and Rules of Evidence as they come in contact with [classified information] or potential [classified information].

(Access Order, para. 8-11) (emphasis added).[2]

---

[2] Further, the military judge's Protective Order, contains the following pertinent parts:

d.(1) Persons subject to this Protective Order are obligated by law, regulation, and the terms of this Order not to disclose any classified information in an unauthorized manner or to an unauthorized recipient.

. . .

h.(2) The Accused and the Defense team may gain access to classified information in possession, custody or control

(continued…)

## LAW AND DISCUSSION

In an appeal of the military judge's Access Order under Article 62, UCMJ, we review for an abuse of discretion. *See United States v. Scott,* 48 M.J. 663, 666 (Army Ct. Crim. App. 1998). In reviewing an interlocutory appeal by the government, we "may act only with respect to matters of law." Art. 62(b), UCMJ; *see* R.C.M. 908(c)(2). In conducting this limited review of matters of law, "the question is not whether a reviewing court might disagree with the trial court's findings, but whether those findings are 'fairly supported by the record.'" *United States v. Gore*, 60 M.J. 178, 185 (C.A.A.F. 2004) (quoting *United States v. Burris*, 21 M.J. 140, 144 (C.M.A. 1985)). To be an abuse of discretion, "[t]he challenged action must be arbitrary, fanciful, clearly unreasonable, or clearly erroneous." *United States v. White*, 69 M.J. 236, 239 (C.A.A.F. 2010) (citations and internal quotation marks omitted).

We find the military judge did not abuse his discretion in his rulings regarding the defense access to classified information. We find that neither the military judge's Access Order nor his Protective Order "direct the disclosure of classified information" which has not been subject to a reasonable opportunity to

---

(…continued)

> of the Trial Counsel in this case only through Government disclosures required by the Rules for Courts-Martial or Military Rules of Evidence, including, but not limited to, Rules for Courts-Martial 701 and 703. If Defense Counsel and other members of the Defense team seek access to classified information in furtherance of their representation of the Accused directly from any Government agency or department, any current or former Government employee, or any other United States entity and intend to disclose that information to others, Defense Counsel will comply with the terms of this Protective Order and MRE 505(i), including the notice requirements.
>
> h.(3) . . . . No one will be given access to classified information except to the extent authorized by Executive Order 13526 and MRE 505. If preparation of the defense requires that classified information be disclosed to persons not named in this Protective Order, the Defense Counsel shall promptly provide proper notice to the Trial Counsel and the Trial Counsel shall, as appropriate, promptly seek any required security clearances and/or OCA consent to disclose information to such persons.

review for potential assertion of government privilege under Mil. R. Evid. 505(h)(1)(A), and do not preclude the government from fully exercising its claim of privilege under Mil. R. Evid. 505(h)(1)(A).  The government avers, "[s]imply put, the OCAs must be given an opportunity to assert or waive the privilege prior to release of any classified information."  We recognize that the government agencies which possess classified information must have reasonable opportunity to assert a claim of privilege.  The military judge's orders do not diminish this opportunity to exercise this vital national security check.

Under the parameters set by the trial judge, the government is able to fully exercise its right to claim that disclosure of certain classified information would be detrimental to national security at any stage of the proceedings, including occasions when defense counsel seek access to classified information without pre-clearance from trial counsel and/or the OCA or "the head or designee, of the executive or military department or government agency concerned" [hereinafter agency head or designee].  Mil. R. Evid. 505(h)(1)(A).  Defense counsel also do not have "unfettered" access to classified information under the military judge's Access Order and related Protective Order.  Defense counsel must meet the requirements of federal law, executive orders, and policies to access classified information.  This is hardly "unfettered" access.

The military judge recognizes Mil. R. Evid. 505 does not contemplate "open discovery," and directs discovery be accomplished within the strictures of the Protective Order, which is clear in its terms, mandating all parties to follow all applicable laws and regulations regarding classified information.  Specifically, paragraph h of the Protective Order clearly covers access to classified information, which will be allowed only to the extent authorized by EO 13526 and Mil. R. Evid. 505, and in accordance with the terms of the Protective Order.

Contrary to the assertion of the government, we find the military judge did not abuse his discretion in ruling "the court is not convinced that EO 13526, MRE 505 or any other law requires the defense to obtain OCA consent before seeking access to [classified information] in possession of 'any government agency, employee, information system or entity.'"  Once defense counsel seek access to classified information, it is incumbent on the government to ensure that any access to classified information is provided in accordance with applicable law.  In addition, defense counsel must provide trial counsel notice any time they seek to disclose any classified information to which they gain access.  Mil. R. Evid. 505(i); *see* (Access Order, para. 11).  We note that the government would have an opportunity at this point in the proceedings to exercise its privilege under Mil. R. Evid. 505(h)(1)(A) if it chose to do so.

5

The government's obligation to require proper requester clearance, need to know, and its right to claim privilege under Mil. R. Evid. 505(h)(1)(A) at the appropriate level required by applicable laws and EOs, is not diminished regardless of where defense counsel seeks access or whether they have pre-cleared their efforts with the trial counsel. This is contemplated by Mil. R. Evid. 505, EO 13526, and paragraphs h(3) and (4) of the Protective Order. The government never loses its right to exercise its privilege under Mil. R. Evid. 505(h)(1)(A). The Access Order recognizes: "The possessor of [classified information] is best positioned to know that the information is classified and *whether they have disclosure authority* for said information. . . . National security is well protected by EO 13526's scheme for placing the onus on the discloser to seek *whatever approval is required* prior to disclosure." (Access Order, para. 7) (emphasis added). We do not read the military judge's Access Order to allow for the OCA or agency head or designee to be cut out of the process in any way.

Based upon this language we do not read the Access Order as providing carte blanche for any possessor of classified information to release classified information to defense counsel. We disagree with the government and do not read the order to imply that a possessor of classified information can release said classified information without providing an OCA or agency head or designee the opportunity to assert the government privilege under Mil. R. Evid. 505(h)(1)(A). We hold that the agency head or designee must be provided with the opportunity to assert the government privilege under Mil. R. Evid. 505(h)(1)(A) before any classified information is released to any party.

Further, the government asserts the military judge's Access Order is overly broad in that it requires trial counsel to "immediately provide defense counsel access to all [classified information] in possession of trial counsel, for which the government does not intend to assert the privilege." (Access Order, para. 9). The military judge's Access Order is issued in the context of discovery in this case, and it is entirely reasonable to infer that paragraph 9 of the Access Order refers to classified information which is material within the terms of R.C.M. 701. To the extent it is construed otherwise, we hold that trial counsel is only required to disclose to the defense classified information that is material under R.C.M. 701.

The military judge's Access Order does not require the government to do anything contrary to law or regulation, and no law or regulation requires the defense counsel to do anything beyond what is required of them by the Access Order and the Protective Order in this case. After review of Mil. R. Evid. 505 and EO 13526 in conjunction with the Access Order and incorporated Protective Order, we find the military judge's orders are well within the bounds of reasonable discretion.

**CONCLUSION**

Based upon our review of the record, the appeal of the United States pursuant to Article 62, UCMJ, is DENIED.  The stay on the trial proceedings imposed by this court is lifted.

Judge CELTNIEKS and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court